[No. 24431. Department One. July 28, 1933.]

REESE H. VOORHEES, *as Administrator, Respondent,* v. NABOB SILVER-LEAD COMPANY, *Appellant.*[1]

[1]Reported in 24 P. (2d) 114.

6

E. B. *Quackenbush,* for appellant.

*Lucius G. Nash* and *Harry Rosenhaupt,* for respondent.

HOLCOMB, J.—This action was brought by respondent, as administrator of the former law partnership of Voorhees & Canfield, to recover $750 from appellant for attorney fees.

The complaint, after making allegations of the corporate existence of appellant, the partnership of Voorhees & Canfield, the death of Canfield and the appointment and qualification of respondent as administrator of the partnership of Voorhees & Canfield, alleges that, prior to the death of Canfield, the partnership, at the instance and request of appellant, rendered legal services for it in a civil case wherein one Tweedell and others were plaintiffs and P. C. Shine, as president and other officers of appellant, were defendants. It is then alleged that, prior to July 29, 1927, appellant paid to the firm of Voorhees & Canfield $250 as a retainer fee and to apply on account of the final fees which should be charged in that action; that, on July 29, 1927, the attorneys presented to appellant in writing their claim for the balance of their fees in that action, to-wit: the sum of $750, and that, on or about August 1, 1927, appellant audited, approved and allowed the claim by resolution of its board of directors, duly entered in the minutes of the proceedings of the

corporation, and issued its voucher in writing in the sum of $750 for the balance of such attorneys' fees, and has failed, neglected and refused to pay the same or any part thereof. The demand was for $750, together with interest at the rate of six per cent per annum from August 1, 1927.

An amended answer was filed by appellant, which, after making certain admissions and denials, admits that Canfield performed some services in the action above mentioned, but as to whether he was employed by appellant or by four other individuals, was unable to state and therefore denied the allegations of employment. The amended answer further alleges that the payment of $250, as set forth in the complaint, as a retainer, was wrongful and illegal; that the action of the board of directors of the corporation, ratifying the employment of Canfield and ordering the payment of $250 and the voucher and all attempted action and votes thereon were and are unlawful, invalid, wrongful and without legal authority. That its board of directors had no valid or lawful power or authority to make the payment of such sum or ratify such employment; that, long prior to the commencement of this action, appellant, acting through its legally elected, qualified and acting board of directors, by proper and lawful proceedings repudiated and set aside all such invalid, wrongful and unauthorized, fraudulent proceedings and actions of its officers and then board of directors relative thereto, and appellant was entitled to recover from respondent the sum of $250 so wrongfully paid.

Appellant then denies that, on August 1, 1927, or at any other time, a valid, lawful, or legal allowance of the claim of $750 was ever made, passed or adopted by the executive committee or a board of directors of appellant, qualified or having legal authority so to

8

do, and no valid, lawful or legal order was made, passed or adopted to pay the $750 by appellant, or by a board of directors legally or lawfully elected, qualified, empowered and authorized so to do.

It is further answered and by way of a second affirmative defense alleged that the charge of $750 is so extremely excessive, unreasonable, and exorbitant, in consideration of the nature of services rendered by Canfield and the firm of Voorhees & Canfield in the cause above mentioned, as to make and constitute it a fraud upon the corporation and its stockholders. As a third affirmative defense, it is alleged that the action was not commenced within the time limited by law, and is barred by the statute of limitations.

Respondent replied to the affirmative answers by general denial.

It is noted that, in the action of Tweedell v. Shine et al., Voorhees & Canfield appeared for all of the defendants in that action, and also P. C. Shine, who is an attorney, as well as, at that time, president of the corporation sued, appeared for all of them.

On August 1, 1927, when the trustees of appellant approved, audited and allowed the balance of $750 as attorneys' fees for Voorhees & Canfield, P. C. Shine was president of appellant. Since that time, it appears that S. H. Tweedell has become president of appellant, as he verified the amended answer as such, in this case. The record of the corporation does not disclose that either Mr. Voorhees or Judge Canfield were ever stockholders, officers or directors of the corporation.

The fact that Mr. Shine was, at the time of the employment of Voorhees & Canfield, president and a trustee of the corporation, cannot in any way taint the legality of the employment of Voorhees & Canfield by the corporation. The trustees and officers were

present, acted for the corporation, and made a record of it. They were presumed to be *de jure* officers, and if not, were *de facto* officers, whose acts were valid corporate acts.

There is no dispute in the facts that Voorhees & Canfield represented the corporation. The remaining parties, trustees of the corporation, had never employed and paid the firm for their legal services in the case above mentioned. They were represented by Mr. Shine.

No evidence was introduced or offered which tended to show that the payment of the retainer fee of $250 was wrongful, fraudulent, without authority and illegal; or that the action of the trustees of appellant ratifying the employment of Canfield and the payment of the retainer fee was unlawful, and without legal authority. No evidence was introduced or offered tending to show that the allowance of the $750, as the balance for attorneys' fees, was so excessive, unreasonable and extraordinary as to make it a fraud upon appellant.

Upon sustaining a challenge to the sufficiency of the affirmative defenses of appellant, the court observed:

"The gist of the affirmative defense, as the court views it, is that the action of the majority of the board of trustees or directors on August 1, 1927, approving, allowing and ordering paid the claim of Voorhees & Canfield, was invalid under the principle of law recognized and laid down by our supreme court in the decision in 116 Wash. 75 [*Sacajawea Lumber & Shingle Co. v. Skookum Lumber Co.*]; in other words, that the majority of the board of trustees or directors had such an interest adverse and opposed to the interests of the company and such an interest in the claim itself which disqualified them from passing upon it. In my opinion . . . under the evidence, there was no such interest adverse or opposed to the interests of the corpora-

tion, or any beneficial interest in the board of trustees. It must be kept in mind that Mr. Canfield or the firm of Voorhees & Canfield were not officers or directors of the company; that the undisputed evidence shows that they were retained by the corporation and rendered services for the corporation. There is no disputed question of fact for the jury to pass upon under the evidence because there is no evidence tending to prove or to show that the bill rendered by Voorhees & Canfield which afterwards became an account stated included any services as attorneys rendered for the said members of the board of trustees in their individual or official capacity. The mere fact that the members of the board of trustees were interested in the litigation is not of itself sufficient to create an interest in the claim adverse and opposed to the interests of the corporation and the motion and challenge are granted.''

There is nothing in common in this case with the decision in *Sacajawea Lumber & Shingle Co., supra.*

The trial court was correct in so holding and in granting the motion and challenge to the sufficiency of the evidence of appellant under its affirmative defenses. The trial court directed a verdict in behalf of respondent for $750, which was entered.

■ An error is assigned to the ruling of the court that the six-year statute of limitations applies, by reason of which the action is not barred by the statute of limitations, as pleaded by appellant, which merits discussion.

Although the trial court referred to the instrument as an account stated, that is immaterial. The basis of the suit is upon the written instrument.

Where accounts purport to be audited and approved by a board of trustees and certified to be correct, that becomes a written instrument. *Sannickson v. Brown,* 5 Cal. 57; *Ashley v. Vischer,* 24 Cal. 322, 85 Am. Dec. 65.

Rem. Rev. Stat., § 157, provides:

"An action upon a contract in writing, or liability express or implied arising out of a written agreement" may be brought within six years.

Section 159, *supra,* provides:

"An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument" must be brought within three years.

We have accordingly decided that, under the above statutes, an implied liability arising out of a written instrument is included in the same clause with an express liability arising out of a written contract. *Caldwell v. Hurley,* 41 Wash. 296, 83 Pac. 318; *Oregon-Washington Railroad & Navigation Co. v. Seattle Grain Co.,* 106 Wash. 1, 178 Pac. 648, 185 Pac. 583.

This action was instituted on the instrument above described by the filing of the complaint in the office of the clerk of the court below on January 22, 1932. Being governed by the six-year statute of limitations, it was well within the period of limitations.

After examining the entire record, but finding many of the claims of error to be without merit, we conclude that the judgment is right, and it should be, and is, affirmed.

BEALS, C. J., MITCHELL, MILLARD, and TOLMAN, JJ., concur.