[No. 24825.  Department One.  March 7, 1934.]

A. T. EDWARDS, *Appellant*, v. SURETY FINANCE COMPANY
OF SEATTLE, *Respondent*.[1]

¹Reported in 30 P. (2d) 225.

*Frank E. Hammond,* for appellant.

*Wright, Jones & Bronson* and *W. L. Grill,* for respondent.

STEINERT, J.—Plaintiff instituted suit, under nine separate causes of action, to recover usury paid by him to defendant on nine promissory notes. The court found that the payments made by plaintiff on the first seven notes were usurious to the extent of $1,065.90 and on the last two notes to the extent of $160.15. The court held, however, that the first seven causes of action of the complaint were barred by the statute of limitations. As to the last two causes of action, upon which plaintiff was held entitled to recover, the court allowed an over-balancing offset, the origin and nature of which will be referred to later. Judgment was thereupon entered dismissing the complaint with prejudice. Plaintiff has appealed.

There are but two assignments of error, both based upon the court's findings.

The first question is whether this character of action is controlled by the six-year statute of limitations, or by the three-year statute. The six-year statute refers to

"An action upon a contract in writing, or liability express or implied arising out of a written agreement." Rem. Rev. Stat., § 157, subd. 2.

The three-year statute has reference to

"An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument." Rem. Rev. Stat., § 159, subd. 3.

Appellant's causes of action with reference to the first seven notes accrued more than three, but less than six, years prior to the commencement of this action.

The taking of any greater rate of interest than twelve per cent per annum is forbidden by law. Rem. Rev. Stat., § 7300. However, a contract reserving a greater rate of interest than that above prescribed is not of itself void, but, if suit be brought thereon, then any judgment recoverable is subject to certain deductions. Rem. Rev. Stat. § 7304. The right to recover usury paid is a common-law right; the remedy is in *assumpsit* for money had and received. *Lee v. Hillman*, 74 Wash. 408, 133 Pac. 583, Ann. Cas. 1915A, 759; 27 R. C. L., p. 269, § 72.

The question immediately before us, upon the first assignment, is this: Is appellant's action based upon an implied liability ''arising out of a written agreement,'' or, in other words, does a promissory note include, in addition to its express terms, an implication that the payee shall return to the payor the usurious portion of the payment thereon? If this alternative question be answered in the affirmative, then appellant should have been allowed to recover upon his first seven causes of action; if it be answered in the negative, then those causes would, upon their faces, be barred by the three-year statute.

The notes themselves contained only the promise of the appellant to pay the respective amounts thereof. There was no express promise on the part of respondent to repay any portion of such amounts. Nor can it be said that there was any *implied* promise on the part of the respondent to repay to appellant any part of the amount received by it. While necessary implication is as much a part of an instrument as an express provision is, the implication must, nevertheless, be such as

is within the contemplation of the parties when making the contract, or else necessary to carry their intention into effect. Under such circumstances only will the law imply and enforce the obligation. 6 R. C. L., p. 856, § 244.

In addition to such contracts as draw their efficacy from the consent of the parties, there is a class of legal obligations which, though of a contractual nature, are not based on contract or consent. These are sometimes spoken of as contracts implied in law, but are usually referred to as quasi, or constructive, contracts. For the purpose of applying the contractual remedy of *assumpsit,* the law imposes upon such obligation a fictitious promise to pay. The liability upon an obligation of this kind arises purely upon an implication of law, independent of agreement or intention. The law in such cases establishes a duty which may be contrary to the intention of either one, or both, of the parties. 6 R. C. L., p. 588, § 7.

The right to recover usurious or illegal interest accrues, not from the contract under which usury is paid, nor from any implication contained in the contract itself, but from a duty imposed by law to repay an unjust and unmerited enrichment. The contract under which a usurious rate of interest is reserved having been performed, the law, in turn, implies a contract resting upon the duty to repay the amount unlawfully taken, and furnishes a remedy to the debtor, by an action of *assumpsit,* to recover such payment. *Lee v. Hillman,* 74 Wash. 408, 133 Pac. 583, Ann. Cas. 1915A, 759; *Seattle v. Walker,* 87 Wash. 609, 152 Pac. 330; *Buntyn v. National Mutual Bldg. & Loan Ass'n,* 86 Miss. 454, 38 So. 345; Woodward on Quasi-Contracts, p. 355, § 233; 27 R. C. L., p. 269, § 72.

The notes in this case are but circumstantial and

o

incidental to the relief sought by appellant. In paying and receiving the money upon the notes, the minds of both parties were directed to the discharge of one set of obligations rather than to the creation of another set. The parties having discharged one obligation, the law by implication created a new and independent one, regardless of the intention or consent of the parties. We are therefore of the opinion that the liability of the respondent did not arise out of a written agreement, and that consequently the six-year statute did not apply.

Under the second assignment of error, appellant contends that the court erred in allowing the balance due on an assigned judgment to be set off against the amount found to be due the appellant from respondent for usury. A discussion of this assignment necessitates the statement of some additional facts.

It appears from the findings of the court that, on October 10, 1930, appellant and his wife had executed and delivered to Surety Industrial Loan Company their promissory note for one thousand dollars, payable in installments and secured by a chattel mortgage. This note had nothing to do with the other notes hereinabove referred to. In February, 1931, Surety Industrial Loan Company instituted suit upon that note and, on January 23, 1932, obtained judgment. Thereafter, the property covered by the chattel mortgage was sold and the proceeds were applied on the judgment, leaving a balance of $865.20 owing thereon.

It further appears from the findings of the court in this case that, on August 13, 1931, while the other suit was still pending, Surety Industrial Loan Company sold and assigned that note and mortgage to the respondent herein for a consideration of one thousand dollars. However, there was never any substitution

of parties plaintiff in that action, nor did the appellant know of such assignment. After judgment had been entered, and during the progress of the present suit, the judgment in the former action was also assigned by Surety Industrial Loan Company to the respondent herein.

The present action was begun November 25, 1931. It will therefore be noted that, when this action was commenced, the former action was in progress, although judgment had not been obtained.

Appellant contends, first, that his liability on the thousand-dollar note was extinguished and ceased when judgment thereon was taken, and that therefore the judgment only, and not the note, could be the subject of set-off. The statute in this state allowing set-off reads:

"The defendant in a civil action upon a contract expressed or implied, may set off any demand of a like nature against the plaintiff in interest, which existed and belonged to him at the time of the commencement of the suit. . . ." Rem. Rev. Stat., § 266.

As already stated, the present action is upon a contract, implied in law. At the time of the commencement of this action, appellant's liability in the former action was still upon the note; no judgment had been taken. Under the findings of the court herein, however, the note then actually belonged to the respondent by assignment, although suit thereon was being maintained in the name of another party. Being the owner of a demand of a contractual nature against appellant, respondent was entitled to have it set off against appellant's present demand.

The fact that the note subsequently became merged in a judgment, would not defeat the right of set-off. While the judgment itself did not exist at the time of

the commencement of this action, the liability of appellant on which the judgment rested did exist. The right of set-off, being in existence under one form, was not extinguished merely because it assumed another form. It is the rule in this state that the right of set-off is to be liberally construed. *Johnson v. California-Washington Timber Co.,* 161 Wash. 96, 296 Pac. 159.

 Appellant next contends, under this assignment, that respondent was estopped to plead either the statute of limitations or the right of set-off in this action, because it kept the appellant in ignorance of the assignment and permitted Surety Industrial Loan Company to continue as plaintiff in the former action as though that company were still the owner of the note, thereby preventing appellant from pleading his present claim as a set-off in that action.

It is true that one who permits another to control a court proceeding as if no assignment had been made of the claim may be estopped from asserting the contrary. *Northern Pacific R. Co. v. Richey & Gilbert Co.,* 132 Wash. 526, 232 Pac. 355. But it is also true that a plea of estoppel is not available to one who has not been prejudiced by the act of another.

"It is fundamental that a party relying upon an estoppel must show that he has been prejudiced by the act of the party whom he is seeking to estop." *Butler v. Supreme Court of Foresters,* 53 Wash. 118, 101 Pac. 481, 26 L. R. A. (N. S.) 293.

As to the eighth and ninth causes of action, appellant has received credit in an equivalent amount upon the existing judgment held by respondent. In that respect, and to that extent, therefore, he has not been prejudiced. The first six causes of action were each barred by the statute of limitations at the time that the former action was commenced, and hence could not

have been pleaded as a set-off therein. *Legal Adjustment Bureau v. West Coast Construction Co.,* 162 Wash. 260, 298 Pac. 429.

■ The seventh cause of action, however, did not accrue until November 16, 1928. As to that cause of action, therefore, the three-year statute of limitations had not yet run on August 13, 1931, the date of assignment of the thousand-dollar note. The respondent, by its own act, precluded appellant from pleading the matter contained in its seventh cause of action as a set-off to the complaint in the former action. It is, therefore, estopped to assert here that the statute of limitations had run against that cause of action. *Bain v. Wallace,* 167 Wash. 583, 10 P. (2d) 226; 17 R. C. L., p. 881, § 240.

The court should have allowed appellant to recover upon its seventh cause of action, just as it did on the eighth and ninth causes of action, at the same time permitting the respondent to offset its judgment against all three of these causes of action. In this respect, the judgment of the trial court will be modified; in all other respects, it is affirmed.

MAIN, MITCHELL, and MILLARD, JJ., concur.

BEALS, C. J. (dissenting)—I concur in the foregoing opinion save in so far as it holds that an action to recover money paid upon a contract in writing which was, in fact, usury, is barred by the three-year statute of limitations.

Under Rem. Rev. Stat., § 157, paragraph 2, "An action upon a contract in writing, or liability express or implied arising out of a written agreement," is barred unless commenced within six years after the accrual of the cause of action.

In the case of *Caldwell v. Hurley,* 41 Wash. 296, 83 Pac. 318, this court considered the section of the statute of limitations above referred to, and held that it ap-

plied to an action for a contribution between cosureties upon a promissory note. In that case, the court said:

"Said subdivision 2 of § 4798, Bal. Code, differs from the statutes of limitation of most, if not all, the other states. In fact, after a painstaking research, we have found no similar statute. The peculiar feature of our statute is that an *implied liability* arising out of a written instrument is included in the same clause with an *express liability* arising out of a written contract. The legislature evidently thereby intended that a certain class of actions should be included within the terms of said section which had not in other states been associated or connected with actions on written instruments or actions founded upon written agreements. The liability for contribution of appellant and respondent is an implied liability which arose by reason of their becoming co-sureties on the note. If they had not entered into the written contract which resulted from their signing their names on the back of the note, at the time, under the circumstances, and for the purpose, found by the court, there would be no liability. This liability now exists, is *contractual in its nature*, and is the direct result of that written agreement by which respondent was compelled to make the payment for which he now seeks contribution. The allegations of the amended complaint, and the facts found by the court, show a cause of action in favor of respondent on account of an implied liability arising out of a written agreement. To place any other construction on our statute would be to hold that the words contained in the last clause of said subdivision 2 were placed there without purpose or meaning."

While the question here presented is of course entirely different from that determined by this court in the case cited, it seems to me that the reasoning of the court is applicable here, and that the obligation to repay money usuriously exacted is contractual in its nature, although, in a sense, contrary to the express terms of the contract between the parties, and is the direct result of (or arises out of) that written agree-

ment by which appellant was compelled to make the payment which he now seeks to recover.

In the case of *Ihrke v. Continental Life Insurance & Investment Co.*, 91 Wash. 342, 157 Pac. 866, L. R. A. 1916F, 430, it was stated that an action to recover payments made on a written contract for the purchase of real estate upon the ground of fraud was based ''upon an implied liability arising out of a written agreement,'' and could be brought within six years. See also *Lindblom v. Johnston*, 92 Wash. 171, 158 Pac. 972; *Oregon-Wash. R. & Nav. Co. v. Seattle Grain Co.*, 106 Wash. 1, 178 Pac. 648, 185 Pac. 583; *Pioneer Mining & Ditch Co. v. Davidson*, 111 Wash. 262, 190 Pac. 242; *Warren v. Rickles*, 129 Wash. 443, 225 Pac. 422; *Puget Sound Power & Light Co. v. Seattle*, 142 Wash. 580, 253 Pac. 1083; *Seattle Lodge No. 211, L. O. O. M. v. Goodwin Real Estate Co.*, 143 Wash. 210, 255 Pac. 96; *Voorhees v. Nabob Silver-Lead Co.*, 174 Wash. 5, 24 Pac. (2d) 114.

The statute of this state fixing the six-year limitation is very broad, and in my opinion covers such a payment as is here sought to be recovered. On this point, therefore, I dissent from the conclusion reached by the majority.