[No. 34759.     Department One.     November 12, 1959.]

IRA A. MARTIN, *Appellant*, v. THE CITY OF SPOKANE *et al.,* *Respondents.*[1]

[1]Reported in 345 P. (2d) 1113.

A. O. *Colburn* and *Robert D. Dellwo*, for appellant.

E. *Murray Barrett* and *Farley & Schiffner*, for respondents.

HUNTER, J.—This is an action brought against the city of Spokane and the board of police pension fund commissioners of that city for alleged shortages due the plaintiff under the police pension fund act in force prior to 1935. The action is a result of our ruling in *Bakenhus v. Seattle*, 48 Wn. (2d) 695, 296 P. (2d) 536 (1956), wherein we held that contractual pension rights of the claimant could not, constitutionally, be modified in such a manner as to greatly reduce their value. See *Eisenbacher v. Tacoma*, 53 Wn. (2d) 280, 333 P. (2d) 642 (1958).

The plaintiff Ira A. Martin became a member of the Spokane police department on June 24, 1917, under a civil service appointment. He was appointed to the position of *chief of police* by the commissioner of public safety on January 12, 1938. During his tenure as chief of police he was given a civil service appointment to the position of *captain* on May 30, 1940. At the time of his retirement on October 2, 1944, he was receiving a salary of $315 per month under his appointment as chief of police in 1938. The captain's salary was $232.50 per month. The plaintiff was retired on October 2, 1944, on a service pension fixed by the pension board at $125 per month, in conformity with Laws of 1937, chapter 24, § 1, which provides a maximum pension of $125 per month. Under the ruling of the *Bakenhus* case, *supra*, it is agreed that this amendment is unconstitutional as to the plaintiff, and he is entitled to retirement pay under the enactment in force at the time of his original employment. Laws of 1915, chapter 40, § 2, p. 138, provide:

" . . . and such person so retired shall thereafter, during his lifetime, be paid from such fund a yearly *pension equal to one-half of the amount of salary attached to the rank which he held in said police department for the period of one year next preceding the date of such retirement.*" (Italics ours.)

On June 19, 1956, subsequent to the rule of the *Bakenhus* case, *supra*, the plaintiff, through his attorney, requested a revision of his pension upward from $125 per month to $161.69 per month, retroactive to October 10, 1944, the approximate date of his retirement. He enclosed a check for $48.35, which was the difference between what was deducted from his salary and two per cent of his total salary. The board accepted and cashed his check, readjusted his pension for the three years prior to June 1, 1956, and paid him the sum of $1,047.96. He was also paid a pension of $154.11 per month, on the basis of the agreement of the parties that this was one half of the salary of the position of *chief of police*, computed over the last year of service. Feeling aggrieved in not being allowed the adjustment on his retirement pay to the date of his retirement in October, 1944, plaintiff brought this action for the full amount, as computed to that time, less the amount allowed for the three-year period.

The defendant city of Spokane and its board of police and pension fund commissioners answered and, by way of cross-complaint, repudiated their previous position and actions in the matter, claiming that the plaintiff held the *rank* of *captain* when he retired; that the captain's pay then was $232.50; that he was therefore entitled to only $112.81 per month for retirement pay, computed over the year, there being no such *rank* as *chief of police*. Based on that claim, the defendants asked judgment against plaintiff for the amount of the adjustment they had allegedly overpaid the plaintiff.

The trial court dismissed plaintiff's complaint and entered its findings of fact and conclusions of law in favor of the defendants, and entered judgment accordingly against the plaintiff. This appeal followed.

The appellant's assignments of error raise two issues:

(1) Is the appellant entitled to a pension based upon the *rank* of his civil service appointment to the position of captain, or upon his position as *chief of police*? (2) Should the three-year statute of limitations be applied against each monthly pension installment as it became due?

The first issue has been squarely passed upon by this court, since this appeal, in the recent cases of *Dailey v. Seattle*, 54 Wn. (2d) 733, 344 P. (2d) 718, and *Eisenbacher v. Tacoma, supra.*

In the *Dailey* case we held that the position of supervising captain, as established by the ordinances of the city of Seattle, is a rank, as that term is used in both the 1915 and the 1955 policemen's relief and pension acts.

We arrived at the same conclusion in the *Eisenbacher* case, *supra*, in the review of the firemen's relief and pension fund act, wherein the language is similar as it applied to the term *rank*. There we held that the word *rank* included the unclassified civil service position of *fire chief*. On the reasoning of these cases, we hold that the unclassified civil service position of chief of police is a *rank* as the term is used in the policemen's pension fund act, and the trial court erred in holding to the contrary and disallowing the appellant's pension on the basis of one-half his salary received thereunder. In fairness to the trial judge, it should be noted that he did not have the benefit of the *Dailey* and *Eisenbacher* cases, *supra*, for his guidance.

Relating to the second issue as to the applicability of the three-year statute of limitations (RCW 4.16.080) against the right of recovery, the appellant contends that the board of police pension fund commissioners is trustee of an express trust in the administration of the police relief and pension fund, and the statute of limitations is therefore inoperative in this case.

Laws of 1909, chapter 39, as amended by Laws of 1911, chapter 18, § 1, p. 55, set forth the duties of the board as follows, *inter alia*:

"The mayor, clerk, treasurer, president of the city council of each of the incorporated cities of the first class of the State of Washington, or in case any of said cities has no city

council, the commissioner who has supervision of the police department, together with three members of the police department of each of said cities, to be elected as hereafter provided, are, *in addition to the duties now required of them,* hereby created and constituted a board of trustees, of the relief and pension fund of the police department of each of said incorporated cities, and shall provide for the disbursement of the said relief and pension fund, and shall designate the beneficiaries thereof, as hereafter directed, which said board shall be known as the board of police pension fund commissioners. . . . " (Italics ours.)

Laws of 1909, chapter 39, as amended by Laws of 1911, chapter 18, § 7, p. 59, provides further as to funds:

" . . . Payments provided for in this act shall be made monthly upon proper vouchers. If at any time there is more money in the fund provided for in this act than is necessary for the purposes of this act, then such surplus shall be transferred from such fund to the general fund of the city: *Provided,* That at all times enough money shall be kept in said fund to meet all payments provided for in this act."

An examination of these two sections makes it clear that the duties of the board of trustees are strictly statutory, acting in the capacity of officials of the city to carry out their duties as directed by the statute, in behalf of the city, with no relation of trust to the fund. The city has absolute control over the fund to the extent of using the surplus for general city purposes, not inconsistent with the interests of the members of the police department. Therefore, we hold that no express trust relationship exists, as contended by the appellant, and the three-year statute of limitations must apply. See *State ex rel. Bradford v. King County,* 197 Wash. 393, 85 P. (2d) 670 (1938), for authority that the three-year statute of limitations may be raised as a bar to actions for collection or recovery of pensions and salaries unlawfully withheld.

Appellant cites *State ex rel. State Employees' Ret. Board v. Yelle,* 31 Wn. (2d) 87, 195 P. (2d) 646, 201 P. (2d) 172 (1948). This case is not applicable here. It refers to the state employees' retirement act, a different act containing different restricted provisions as to the use of funds provid-

ing for annuities which are not present in the police relief and pension act.

■ The appellant contends, finally, that the respondents are estopped from asserting the statute of limitations by acceptance of the appellant's check in the sum of $48.35, for the balance of the two per cent of appellant's contribution on his entire wages. There can be no estoppel unless respondents have done some affirmative act upon which the appellant has relied to his detriment. The appellant's right to a cause of action has been in no way modified by his payment of $48.35, and acceptance of his check by the respondents. The appellant's right to sue for his accrued pension, which has not been barred by the statute, was the same as before the delivery and acceptance of the check. Therefore, appellant's contention is without merit. See *Riblet v. Spokane-Portland Cement Co.*, 41 Wn. (2d) 249, 248 P. (2d) 380 (1952); *Edwards v. Surety Finance Co.*, 176 Wash. 534, 30 P. (2d) 225 (1934); 53 C. J. S. 966, § 25.

The judgment of the trial court will be affirmed as to the dismissal of appellant's complaint, and reversed as to granting judgment on respondents' cross-complaint. The appellant, having substantially prevailed, will be allowed his costs on this appeal.

It is so ordered.

MALLERY, HILL, FINLEY, and OTT, JJ., concur.