Clement J. SHEERAN et al.,
Plaintiffs-Appellants,

v.

GENERAL ELECTRIC COMPANY, a
New York Corporation,
Defendant-Appellee.

No. 77–2869.

United States Court of Appeals,
Ninth Circuit.

Jan. 24, 1979.

Rehearing Denied April 16, 1979.

David E. Williams (argued), of Critchlow, Williams, Ryals & Schuster, Richland, Wash., for plaintiffs-appellants.

John Gavin (argued), of Gavin, Robinson, Kendrick, Redman & Mays, Yakima, Wash., for defendant-appellee.

Before GOODWIN and ANDERSON, Circuit Judges, and JAMESON,* District Judge.

JAMESON, District Judge:

This is an appeal from an order dismissing an action instituted by Clement J. Sheeran and 1529 other plaintiffs seeking increased pension benefits from General Electric Company. The plaintiffs asserted, *inter alia,* a claim of equitable estoppel. The district court held that this cause of action is barred by the State of Washington's three year statute of limitations. We affirm.

### Factual and Procedural Background

The appellants are former employees of General Electric at the Hanford Project near Richland, Washington. They left the employ of General Electric between 1965 and 1967 while the Atomic Energy Commission phased out its contract with General Electric. At the time his employment was terminated each appellant had sufficient service with General Electric to have acquired vested rights under the General Electric Pension Plan.

* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

General Electric, by amendments to its Pension Plan in 1967 and 1971, granted pension increases to certain categories of beneficiaries. The amendments, however, specifically provided that the increases would not be granted to vestees, the category of beneficiaries which included appellants.

On April 26, 1972, the appellants brought suit in the Superior Court in Benton County, Washington, seeking a declaratory judgment that they were entitled to the 1967 and 1971 increases and all future increases in the pensions. General Electric removed the case to federal court. Appellants' motion to remand to state court was denied.

Appellants, through their complaint and the preliminary pretrial order, dated August 8, 1973, sought recovery under two theories: (1) direct recovery on the contract under the Pension Plan, and (2) indirect recovery on a theory of equitable estoppel. The court denied appellants' motion for summary judgment based on their contention that the "plain language of the pension plan" entitled them to the pension increases. Permission was granted appellants to take an interlocutory appeal.

This court in an unpublished order entered December 16, 1974, affirmed the district court and concluded that "inasmuch as this presumably disposes of the litigation, we assume that on remand judgment for the defendant will be entered". The Supreme Court denied a writ of certiorari on April 14, 1975, 421 U.S. 913, 95 S.Ct. 1570, 43 L.Ed.2d 779.

No further action was taken in the district court until October 1, 1976, when the court, on its own motion, called a status conference to determine if the remaining issue should be dismissed. Appellants then filed a motion to "deny entry of judgment" on the ground that their second theory of liability had not been determined, i. e., their claim that rights and benefits had been extended to them by reason of certain claimed oral or written representations.

General Electric filed a motion to dismiss on four grounds, including its contention that the claims of estoppel were barred by the statute of limitations. Following a hearing the remaining claims were dismissed on this ground, the court concluding that they were barred by the State of Washington's three-year statute of limitations.

### Issues on Appeal

Appellants contend that (1) the district court lacked jurisdiction and should have granted appellants' motion to remand to state court, and (2) the court erred in finding their claims of estoppel were barred by Washington's three year statute of limitations. Appellants did not seek in their interlocutory appeal to have the jurisdictional questions determined. Appellee contends that appellants therefore have waived their right to raise the issue of jurisdiction, and, in any event, the federal courts have jurisdiction.

### Jurisdiction

(a) Diversity of Citizenship

While all of the 1530 plaintiffs were citizens of a state different from that of the defendant, only three satisfied the $10,000 amount in controversy requirements of 28 U.S.C. § 1352. The district court assumed ancillary jurisdiction of the remaining claims and orally denied plaintiffs' motion to remand. Before a formal order was entered, the plaintiffs filed a notice of voluntary dismissal of the three $10,000 claimants under Rule 41(a) of the Federal Rules of Civil Procedure. In an unpublished memorandum and order entered December 4, 1972, the district court held that assuming the dismissal was valid, jurisdiction, once assumed, was retained over the remaining claimants.

(b) § 301(a) of the Taft-Hartley Act

The Pension Plan was available to 521 plaintiffs under the terms of collective bargaining agreements.[1] In its December 4,

---

1. In a pretrial order the parties agreed:
   That approximately *521 of the named plaintiffs were members of collective bargaining*

*units* at the time they were employed by defendant and that the business of defendant in which said plaintiffs and defendants were

1972 order the district court found that the "pension plan became an integral part of the collective bargaining agreements[2] and the individual union members [had] a right to sue under § 301(a) [of the Taft-Hartley Act, 29 U.S.C. § 185(a)] for enforcement of the plan". The court held further that, "The remaining claimants are properly before the court under the doctrine of ancillary jurisdiction."[3]

■ It is well settled that an individual employee may bring suit for breach of a collective bargaining contract in Federal court under § 301(a) of the Taft-Hartley Act. *Smith v. Evening News Ass'n,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). In *Evening News* the Court noted that, "The rights of individual employees concerning rates of pay and conditions of employment are a major focus of the negotiation and administration of collective bargaining contracts". 371 U.S. at 200, 83 S.Ct. at 270.[4] We agree with the district court that pension rights are within the scope of the terms "wages" and "conditions of employment" and therefore are mandatory subjects for collective bargaining. See *Inland Steel Co. v. National Labor Relations Board,* 170 F.2d 247 (7 Cir. 1948), *cert. denied* on pension issue, 336 U.S. 960, 69 S.Ct. 887, 93 L.Ed. 1112 (1949), *aff'd* on other issues *sub nom., United States Steelworkers of America v. NLRB,* 339 U.S. 382, 70 S.Ct. 674, 94 L.Ed. 925 (1950). The individual union members had a right to sue General Electric under § 301(a) for enforcement of the pension plan.

■ Appellants argue, however, that in their complaint they asserted no basis for § 301(a) jurisdiction—that they are not claiming a violation of any collective bargaining agreement as a basis for their claims. It is true that as a general rule a plaintiff has the prerogative of determining the theory of his action and, in the absence of fraud, may defeat removal to federal court by avoiding allegations which provide a basis for the assertion of federal jurisdiction. *Jones v. General Tire and Rubber Co.,* 541 F.2d 660, 664 (7 Cir. 1976).

■ While appellants did not refer to the collective bargaining agreements in their complaint, they did allege a violation of the pension contract which was an integral part of the collective bargaining agreements. Moreover, as noted *supra* (note 1), they agreed in the pretrial order that 521 of the plaintiffs were members of collective bargaining units and that the provisions of the Taft-Hartley Act were applicable with respect to the collective bargaining units.

■ A suit for violation of a labor contract is removable and federal law is applicable under § 301(a). *Johnson v. England,* 356 F.2d 44 (9 Cir.) *cert. denied* 384 U.S. 961, 86 S.Ct. 1587, 16 L.Ed.2d 673 (1966).[5] It is true that *Johnson v. England* and related cases are not precisely in point since appellants rely upon an alleged violation of

---

engaged affected interstate commerce and *that the provisions of the Taft-Hartley Act were and are applicable with respect to the collective bargaining units.* (emphasis added)

2. The district court noted that the "Pension Plan was considered and extensively modified in the 1963 Settlement Agreement between General Electric and the Hanford Guards Union Local 21. The 1964 Settlement Agreement between General Electric and the Hanford Atomic Metal Trades Council made the plan available to the union members and the plan was incorporated by reference into the agreement."

3. The court found that "1500 claims identical as to questions of law and fact strongly compelled consolidation of all claims before one tribunal for the sake of judicial economy".

4. See also *Chemical Workers v. Pittsburg Glass,* 404 U.S. 157, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971), where the Court noted that even though a union does not bargain for retirees, the retirees are not without protection under contract principles and that "[a retiree] would have a federal remedy under § 301 of the Labor Management Relations Act for breach of contract if his benefits were unilaterally changed". 404 U.S. at 181, n. 20, 92 S.Ct. at 399.

5. *Johnson v. England* was an action by union representatives for arbitration under a labor contract requiring an employer to deposit money in a pension fund.

the provisions of the pension plan rather than the labor contract itself. It is undisputed, however, that the rights and benefits sought by 521 union employees were the subject of collective bargaining and that the pension plan was incorporated by reference in the labor contract. We conclude that the action was properly removed. In any event, appellants could have brought the action in federal court under § 301(a). For the reasons hereinafter set forth, we conclude that appellants accordingly are precluded from raising the remand issue on this appeal.

### (c) Failure to Seek Review of Denial of Motion to Remand.

■ Where a motion to remand is denied, the propriety of removal is reviewable on appeal from the final judgment or by interlocutory appeal if the refusal to remand is certified under 28 U.S.C. § 1292(b).[6] Here, appellants did not seek an interlocutory appeal when their motion to remand was denied; nor did they seek to raise the jurisdiction issue upon the interlocutory appeal from the order denying their motion for summary judgment, which was determinative of their claims seeking recovery on the contract under the Pension Plan.

There is a conflict among the circuits as to whether the removal question—a jurisdictional issue—should be reviewed "at the first available opportunity". Wright, Miller & Cooper, *Federal Practice and Procedure*: Jurisdiction, § 3740 at page 769. Most of the cases have involved interlocutory appeals of orders granting or denying a preliminary injunction. They did not involve, as here, a final determination of the primary claim for relief.

Appellants argue that until now they have not had the opportunity to request appellate review of the district court's denial of their motion to remand. We cannot agree. Appellants' reliance upon *La Chemise Lacoste v. Alligator Co. Inc.*, 506 F.2d 339 (7 Cir. 1974), *cert. denied*, 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975), in support of this contention is misplaced. In that case the plaintiffs "unsuccessfully attempted to have the removal question certified for review under 28 U.S.C. § 1292(b)". There was an appeal from an order denying a motion for a preliminary injunction, which was reviewable under 28 U.S.C. § 1292(a). On that appeal the court did not consider the removal issue. Following a trial there was an appeal from a final judgment. On that appeal the court noted that, "in the absence of a certification under § 1292(b)," this "is the first opportunity in this court for review of the order denying the petition to remand". Accordingly the court rejected "appellee's contention that appellants, by waiting until appeal from final judgment, have waived the right to challenge the denial of the motion to remand". In noting that its analysis "is not inconsistent" with *Grubbs*,[7] the court stated that the plaintiff "did all it could have done by way of seeking review of the denial of its motion to remand". 506 F.2d at 341–342, n. 1.[8]

■ Appellants here did not attempt to have the remand issue certified for review, as in *Alligator*. Nor did they seek review of the remand issue in their first interlocutory appeal under § 1292(b). Instead that

---

6. See *e. g.*, *Swanson v. Liberty National Insurance Co.*, 353 F.2d 12 (9 Cir. 1965); *Climax Chemical Co. v. C. F. Braun S. Co.*, 370 F.2d 616 (10 Cir. 1966), *cert. denied*, 386 U.S. 981, 87 S.Ct. 1287, 18 L.Ed.2d 231 (1967).

7. *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972). In that case the Court held that where after removal a case is tried on the merits without objection, the issue on appeal is not whether the case was properly removed, but whether the district court would have had original jurisdiction if the case had been filed in that court.

8. Three justices dissented from the order denying certiorari in *Alligator*, concluding that *Grubbs, supra*, note 7, should be extended to require that the removal issue be raised on an interlocutory appeal from the denial of a preliminary injunction. There is, of course, more reason to apply *Grubbs* and require that the remand issue be raised in a case, such as this one, where the order was determinative of the primary claims for relief.

appeal was based solely on the order denying their motion for summary judgment. Appellants sought and obtained review of substantive issues resulting in a final determination of their claims under the Pension Plan. They also sought review in the Supreme Court. Since the federal court would have had original jurisdiction if the action had been filed in federal court, we conclude that the case had reached the point where the rule set forth in *Grubbs,* note 7, *supra,* is applicable, and the appellants are precluded at this late date from raising the removal issue on this appeal.[9]

### Statute of Limitations

■ We agree with the district court that the estoppel claims are barred by Washington's three year statute of limitations and adopt Judge Lindberg's opinion on this issue as the opinion of this court. His opinion, which has not been published, follows:

The Revised Code of Washington contains two statutes of limitation applicable to contracts:

RCW 4.16.040 Actions limited to six years.

Within six years:

.    .    .    .    .

(2) An action upon a contract in writing, or liability express or implied arising out of a written agreement.

RCW 4.16.080 Actions limited to three years.

Within three years:

.    .    .    .    .

(3) An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument.

The plaintiffs maintain that because this suit is based fundamentally upon the written plan, the action lies under the six year statute as one "upon a contract in writing based upon implied liability arising out of the written agreement." Plaintiffs cite

two cases, *McDonald v. Wockner,* 44 Wash.2d 261, 267 P.2d 97 (1954) and *Malcom v. Yakima County Consolidated School District,* 23 Wash.2d 80, 159 P.2d 394 (1945), in support of the principle that the six year statute of limitations applies. Both cases are distinguishable from the present action in that they involved enforcement of a written contract after subsequent oral contracts were held invalid. In each of those cases, the actual recovery allowed was based upon specific enforcement of the written contract. In the present action, of course, no recovery is possible upon the written contract, as already determined.

A thorough discussion of the Washington statutes of limitation is found in *Halver v. Welle,* 44 Wash.2d 288, 266 P.2d 1053 (1954). That case involved a written contract to build a house for a specified sum. Due to a subtraction error, the payment due on the contract was erroneously calculated to be $1000 more than it should have been. The incorrect sum was paid and, when discovered some five years later, the owners brought suit for recovery of the overpayment; defendants set up the three year statute of limitations as a bar. The court noted that the contract did not specify for a return of money in case of overpayment and then reviewed the Washington cases discussing the two statutes of limitation and their relationship to written contracts and implied-in-law or quasi-contracts. The court concluded that where an underlying obligation to pay upon a written contract existed, but where the specific payment sought to be recovered was not contemplated by the terms of that instrument, it could not be said to have been made on a written contract or agreement, and not being so made, the implied liability to repay did not arise out of a written instrument. Hence the three year statute of limitations applied.

While necessary implication is as much a part of an instrument as an express provision is, the implication must, neverthe-

9. Having reached this conclusion, it is unnecessary to consider the alternative ground of jurisdiction—diversity of citizenship—or the effect of the voluntary dismissal by three plaintiffs who met the $10,000 jurisdictional requirement.

less, be such as is within the contemplation of the parties when making the contract, or else necessary to carry their intention into effect. Under such circumstances only will the law imply and enforce the obligation. *Id.* at 293, 266 P.2d at 1056.

Applying the *Halver* reasoning to the present action this court has found that a written pension plan existed, but that it contained no provision for plaintiffs to receive the specific pension increases sought.

No vestee, therefore, could have had a vested right to any increase granted by one of the amendments unless such increase was granted specifically to vestees by the amendment itself. Obviously, the amendments now in question did not do so. Memorandum Decision and Order, dated September 13, 1973 at page 5, lines 9–13.

Thus if plaintiffs are to recover, their recovery must be outside of the basic written contract (as recovery of the overpayment was in the *Halver* case) and would result from an implied-in-law or quasi-contract. As such, the right of action must be limited by RCW 4.16.080, the three year statute of limitations. Accord: *Martin v. Spokane,* 55 Wash.2d 52, 345 P.2d 1113 (1959) (three year statute of limitations applies in a suit to collect sums not paid under a pension plan); *State ex rel. Bradford v. King County,* 197 Wash. 393, 85 P.2d 670 (1938) (three year statute of limitations applies as a bar to actions for the collection or recovery of pension benefits unlawfully withheld).

Having concluded that the three year statute of limitations applies, the question arises as to what, if any, actions are barred. The defendant argues that the entire cause of action arose on January 1, 1967, when the first pension increase was made. Thus a suit would have had to be filed by January 1, 1970, in order to recover. Defendant further maintains that because the 1971 increase was fundamentally the same, and more particularly because under any estoppel theory recovery would be based upon precisely the same representations made prior to the 1967 increase, no new cause of action arose at that time.

■ The Washington courts have held that pensions are, in essence, deferred compensation, *Bowen v. Statewide City Emp. Retirement System,* 72 Wash.2d 397, 433 P.2d 150 (1967), a property right which is vested and which may be sued for, *Tembruell v. City of Seattle,* 64 Wash.2d 503, 392 P.2d 453 (1964). Furthermore, the person entitled to seek relief for unpaid pension benefits due *under a written contract* has a new cause of action at each time the right to the unpaid amount was due—a new cause arising each month. See, e. g., *State ex rel. Bradford v. King County,* 197 Wash. 393, 85 P.2d 670 (1938).

The present action is distinguishable from that in the *Bradford* case in that no right to pension benefits has accrued under a written contract, as already determined in 1973. The pension benefits, if recoverable, are so only because of alleged representations made prior to the plaintiffs leaving General Electric in 1965, and culminating in their failure to receive the benefits granted on January 1, 1967. No "new" representations were made after 1967, up to and including the granting of a second increase in 1971.

■ Without finding that any representations made were sufficient to give rise to a cause under an estoppel theory, this court does find that if the representations gave rise to a cause of action, such cause arose not later than January 1, 1967, and that no new cause of action arose subsequent thereto. The pension increase of January 1, 1971, was a continuation of the same action of which plaintiffs complained in their action of January 1, 1967. No new or additional representations are shown. Unless the latter cause is based upon a separate and distinct set of circumstances, the statute of limitations controlling the first cause also controls the second and serves as a bar for both. See *Stueckle v. Sceva Steel Buildings,* 1 Wash.App. 391, 461 P.2d 555 (1969).

■ Plaintiffs seek to subvert the statute of limitations issue by asserting that defendant was and is in the position of a

trustee and, as between a trustee and a beneficiary, the statute of limitations does not run so long as the trust relationship subsists. *Arneman v. Arneman,* 43 Wash.2d 787, 264 P.2d 256 (1953). If such a trust relationship exists between defendant and plaintiffs, it exists by reason of the General Electric Pension Plan, under which plaintiffs' rights have already been determined and found not to exist. Because plaintiffs are not now seeking benefits under the plan, but rather are seeking to have those rights extended to them regardless of the written declarations of the plan (because of the alleged representations made), there can exist no express trust granting to the plaintiffs the benefits and rights which they are seeking. Plaintiffs must first prove that as to the future benefits and rights claimed the defendant stands in the position of a trustee with the plaintiffs the beneficiaries. In the case of *Martin v. Spokane,* 55 Wash.2d 52, 345 P.2d 1113 (1959), wherein a similar trust-relationship argument was raised, the court found that a specific and direct relationship of control must be established between the pension board and the control of the funds under a written contract or based upon statute, before an express trust will be found to exist. The evidence presented here by plaintiffs is simply not sufficient to find that such a trust relationship exists.

In summary, the court finds that the plaintiffs' cause of action for benefits arose at the time of the granting of the increased pension benefits by the General Electric Board of Directors on January 1, 1967, which benefits were not extended to plaintiffs. No new cause of action arose on January 1, 1971. The cause of action under which plaintiffs now proceed, equitable estoppel, is based upon representations outside of the written contract. To the extent their cause of action is based upon the written pension plan, their rights have been determined by this court; to the extent their rights are based upon representations outside the contract, their cause of action is barred by the three year statute of limitations.

AFFIRMED.