[No. 19313.  *En Banc*.  November 30, 1925.]

THE STATE OF WASHINGTON, *on the Relation of H. O. Blankenship, Respondent*, v. WILLIAM A. GAINES *et al., Appellants*, E. F. DOTY, *Defendant*.[1]

ELECTIONS (43)—COUNT OF VOTES—NUMBER NECESSARY FOR CHOICE —"REGISTERED VOTERS." Rem. Comp. Stat., § 8919, providing for the dissolution of a town if the vote "for dissolution" be a majority of the "registered voters" of the town, requires a majority of the voters registered, and not merely a majority of the votes cast (MAIN and ASKREN, JJ., dissenting).

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 9, 1925, in favor of the plaintiff, directing the issuance of an election certificate, in an action for injunctive relief, after a trial to the court.  Reversed.

*Ewing D. Colvin, Howard A. Hanson*, and *Stanley Kent* (*William H. Gorham*, of counsel), for appellants.

*Van C. Griffin*, for respondent.

HOLCOMB, J.—This was an action to compel the county election board to cancel its certificate declaring a special election to have been lost, and issue a new certificate declaring the election to have been carried for the proposition submitted.

On November 4, 1924, a special election was held in the incorporated town of Tukwila, a city of the fourth class, in King county, upon the question of the dissolution of the corporation.  The return of the election officers showed one hundred seven votes "For dissolution," and ninety-six votes "Against dissolution." Upon the canvass of the returns of the election by the election board of King county, that board refused to issue a certificate declaring the election carried, because, while there was a majority of the votes cast for dissolution, there was not a majority of the actual reg-

[1]Reported in 241 Pac. 12.

istered voters.    The registration books showed two
hundred and forty-one registered voters.    It was the
view of the canvassing board that it required a ma-
jority of the registered voters to carry the election,
and not merely a majority of the registered voters
voting at the particular election.    The superior court,
upon a hearing, overruled the election board, and
directed the certificate issued; and from the judgment
so entered, the appeal is prosecuted.

The question is whether the election was determined
by a majority of votes cast, or whether the election
board was justified in ascertaining the number of reg-
istered voters in the town, and then holding that,
since the vote for dissolution was not a majority of
the registered vote, the proposition was lost.    The solu-
tion of this question calls for a construction of that
provision of § 8919, Rem. Comp. Stat., which is:

"If the vote 'For dissolution' be a majority of
the registered voters of such city or town, such cor-
poration shall be deemed dissolved."

The particular question is, what is meant by "reg-
istered voters," as it appears in this statute.

Respondent cites and relies upon cases, where, as
in *Yesler v. Seattle,* 1 Wash. 308, 25 Pac. 1014, it was
held that there was no difference in meaning between
"three-fifths of the voters" and "three-fifths of the
qualified voters," the court being of the view that the
word "qualified" added nothing because, "every voter
is a qualified voter."    In the present case, we do not
have the words "qualified voters" but those of "reg-
istered voters;" and *People ex rel. Stapleton v. Bell,*
119 N. Y. 175, 23 N. E. 533, where it was said:

"Registration is the method of proof prescribed for
ascertaining the electors who are qualified to cast
votes, and the registers are the lists of such electors."

Under the registration system, the evidence of an elector's right to vote is the registration list, and it is from this that his right to cast a ballot at the election is determined. That the holding in *Yesler v. Seattle, supra,* is in accord with what appears to be the great weight of authority, see 20 C. J., p. 205; *Vance v. Austell,* 45 Ark. 400; *Town of Southington v. Southington Water Co.,* 80 Conn. 646, 69 Atl. 1023; *Taylor v. Mc-Fadden,* 84 Iowa 262, 50 N. W. 1070.

The plain language of the statute is the law. It needs no interpretation.

"When the language of the act is plain, free from ambiguity, and devoid of uncertainty, it is unanimously held that there is no room for construction, and that inconvenience following the enforcement of the law as expressed can have no weight in the construction of the statute." *Walker v. Spokane,* 62 Wash. 312, 113 Pac. 775, Ann. Cas. 1912C 994.

"The established rule is that, in all elections the votes specified by the law must be obtained, to render valid the results." 2 McQuillan, Municipal Corporations, § 418.

The general rule followed in *Yesler v. Seattle, supra,* holding that there is no difference in meaning between "three-fifths of the voters" and "three-fifths of the qualified voters," because the word "qualified" adds nothing, since every voter is a qualified voter, does not apply to such a case as this. In the proceedings involved here, the statutes providing for dissolution of cities of the third and fourth class, §§ 8914, 8915, 8918 and 8919, Rem. Comp. Stat., require and prescribe registered voters only.

Section 8915, *supra,* provides that:

"Whenever a petition signed by a majority of the lawfully registered voters of a city of the third and fourth class, . . . shall be filed with the council of such city, or whenever a petition signed by a ma-

jority of the lawful registered voters of an incorporated town, shall be filed with the council of such town, . . ."

The result is ascertained and determined by § 8919, *supra:*

"The result of such election, together with the ballots cast, shall be certified by the election officers to the council of such city or town, which council shall canvass such returns at a meeting which shall be held one week from the day of such election, and shall declare the result, which shall be made of record in the journal of the council proceedings. If the vote "For dissolution" be a majority of the registered voters of such city or town, such corporation shall be deemed dissolved, . . ."

It does not say "a majority of the registered voters *so voting.*" Unless the result is as prescribed in the last quoted section, no dissolution can be declared.

The legislature undoubtedly considered that a community, having taken upon itself local self-government in the form of a municipal corporation, would not lightly cast it aside, and that, in order to positively determine the desire of the inhabitants to cast off the municipal government, the petition and also the vote for dissolution should be one by a *majority* of the *registered voters* within the municipality. The repetition of the word "registered," in describing the voters concerned in disincorporation proceedings throughout the disincorporation statutes, clearly shows the intention of the legislature. The legislature apparently carefully, and to our minds advisedly, chose its words, with the above restraint in view.

The judgment is reversed.

TOLMAN, C. J., MITCHELL, FULLERTON, PARKER, and MACKINTOSH, JJ., concur.

MAIN, J. (dissenting)—There does not appear to be any difference in legal meaning between the terms

"qualified voters" and "registered voters." "Qualified voters" means all of those that are entitled to participate in an election. "Registered voters" means identically the same thing. Before the registration acts were passed, it was the common practice in statutes to use the expression "qualified voters;" and since the registration acts have become general, the expression "registered voters" is used as defining those who are entitled to vote. Under the registration acts, one is not a "qualified voter" unless registered. As recognized in the majority opinion, it is the general, if not the unanimous holding of the courts, that, where a statute requires a question to be decided by votes of a majority of the qualified voters, a majority voting at the election satisfies the requirement. In *Town of Southington v. Southington Water Co.*, 80 Conn. 646, 69 Atl. 1023, it was said:

"It is well settled by the overwhelming, if not unanimous, weight of authority, gathered from a multitude of cases in both England and this country, that where a statute requires a question to be decided, or an officer to be elected, by the votes of a majority of the voters of an electorate, this does not require that a majority of all persons entitled to vote shall actually vote in the affirmative, but only that the result shall be decided by the majority of the votes cast."

The fact that another section of the statute requires a majority of the "registered voters" to sign a petition in order to set the dissolution movement in motion, should not be taken as controlling of the meaning of the other section of the statute, which provides that the election may be carried by a majority of the "registered voters," that is, a majority of "qualified voters."

I therefore dissent.

ASKREN, J., concurs with MAIN, J.