[No. 29523. *En Banc.* May 31, 1945.]

LEATHA MALCOLM, *Respondent*, v. YAKIMA COUNTY CONSOLIDATED SCHOOL DISTRICT No. 90 *et al., Appellants.*[1]

[1]Reported in 159 P. (2d) 394.

*Lloyd L. Wiehl* and *Lincoln E. Shropshire*, for appellant.

*D. V. Morthland,* for respondent.

BLAKE, J.—The plaintiff is a school teacher. She was employed by defendant school district to teach at what is known as the Black Rock school during the years 1938-1939, 1939-1940, 1940-1941, and 1941-1942. A separate written contract was entered into covering each school year. The several contracts provided for an annual salary of twelve hundred dollars, payable monthly in twelve installments. Three of the contracts contained the following stipulation:

"Miss Leatha Malcolm hereby agrees to lease the living quarters of the Black Rock School at $40.00 per month through the term of this contract. This $40.00 per month is to be deducted from each monthly warrant as it comes due."

A similar clause was included in the other contract, except that the amount of rent reserved was a little over thirty-six dollars a month.

Plaintiff had taught at the Black Rock school prior to the school year 1937-1938, and had occupied the living quarters at the school rent free. During 1937-1938 no school was maintained. Previous to the beginning of that school year, chapter 198 of the Laws of 1937, p. 975, had become effective. So far as pertinent to this controversy, § 1 of that act (Rem. Rev. Stat. (Sup.), § 4852-1) provides:

"After the passage of this act no school board shall contract with a teacher to teach in the public schools of the State of Washington for a smaller amount than one hundred dollars per month on the basis of twelve (12) months per year: . . ."

The so-called rental for the living quarters at the school was deducted from plaintiff's salary warrant each month during the effective term of the respective contracts.

Subsequent to the expiration of the 1941-1942 contract, plaintiff brought this action, alleging:

"That plaintiff was advised by the defendants and/or their predecessors in office that they would not employ her to teach the said Black Rock School and pay her $100.00 per month, but that they would make a contract with her for teaching said school at $100.00 per month and would charge her rental on the living quarters in said school in such amount as would reduce her compensation to the figure which they were willing to pay her for such services. That the amount set forth in said contract, which was to be deducted each month from plaintiff's warrant of $100.00, was never intended as rental, but was in truth and in fact a subterfuge of defendants in order to get the said contract passed by the County school authorities. That the quarters occupied by plaintiff during the performance by her of said contract, consisted of one room partitioned off in the school house where said services were performed."

The defendants answered by way of general denial and, by an affirmative defense, set up the three-year statute of limitations. The cause was tried to the court, which made findings of fact in all respects favorable to plaintiff. The court concluded that plaintiff was entitled to recover as salary the amounts deducted as rent each year, together with interest on such sums from the end of the respective school years. From judgment accordingly entered, defendants appeal.

The appellants contend that the court erred in holding that the lease provisions in the contracts were designed as a subterfuge to evade the impact of chapter 198 of the Laws of 1937, § 1.

█ The evidence adduced by respondent fully substantiated the allegations of the complaint which we have quoted. We do not think it is necessary to summarize such evidence, since the officials of the school district with whom she dealt did not take the witness stand. We may say, however, that the amount of the so-called rent reserved was so grossly excessive as to be, of itself, persuasive that the stipulation providing for it was designed

to evade the provisions of chapter 198 of the Laws of 1937, § 1.

The "living quarters" consisted of one room, ten by eighteen feet, partitioned off from the school room. It contained no modern conveniences. Water had to be carried a quarter of a mile. The furnishings, testified respondent, consisted of

". . . a cookstove; and a little table—all of this stuff was secondhand, of course—and two chairs, two straight-backed chairs; and that was all. I furnished my own bed and I built my own cupboards and wardrobe that was in the building myself, and painted the room up and varnished it; and Mr. Clumpner got me the paint and I painted the inside of the schoolhouse and varnished the woodwork and I got one of the neighbors to help me paint the outside of the school building while I was there."

■ Appellants argue that respondent "could take it or leave it"; that she was under no duress; that she was not induced by fraud to enter into the contract; that, if the stipulation for rent was an evasion of the minimum salary act, respondent stands in *pari delicto* with the district. These contentions are all beside the issue if, as we think it was, the stipulation for rent was designed to evade the act. For we have repeatedly held that an agreement by an employee of a municipal corporation to accept a wage or salary less than that provided for by law, is void as against public policy; and that such employee is not estopped to maintain an action for the balance of the salary which he agreed to remit. *Bell v. Mabton,* 165 Wash. 396, 5 P. (2d) 514; *State ex rel. Bradford v. King County,* 197 Wash. 393, 85 P. (2d) 670; *Chatfield v. Seattle,* 198 Wash. 179, 88 P. (2d) 582, 121 A. L. R. 1279; *Watkins v. Seattle,* 2 Wn. (2d) 695, 99 P. (2d) 427.

Appellants contend that respondent's right to recover is limited by the three-year statute of limitations and, in support of the contention, refer, among others, to the cases just cited.

■ The three-year statute of limitations was applied in those cases on the theory the causes of action were

based on implied contracts. Here, the cause of action is based on written contract—as the law requires: Rem. Rev. Stat., § 4776 (now Rem. Supp. 1943, § 4776 [P. P. C. § 883-3]). The fact that a provision was inserted which was void as against public policy did not render the whole contract void. 12 Am. Jur. 718, 721, § 211. The stipulation for rent being void as against public policy, the contracts stand as though such stipulation had never been inserted; consequently, since respondent's action rests upon written contracts, her right to recover is limited by the six-year statute of limitations. Rem. Rev. Stat., § 157, subd. 2 [P. P. C. § 73-5].

▇ Appellants further contend that the court erred in allowing interest. As we understand it, this contention rests upon the theory that, if the stipulation for rent is void, the entire contract is void. Since we have held that the cause of action rests upon the written contracts, it follows that interest is recoverable upon the unpaid balances from the time they were due. See *Rhodes v. Tacoma*, 97 Wash. 341, 166 Pac. 647.

Judgment affirmed.

BEALS, C. J., MILLARD, STEINERT, ROBINSON, MALLERY, and GRADY, JJ., concur.

SIMPSON, J. (dissenting)—During the summer months of 1938, the directors of school district No. 90 delivered to respondent a contract for teaching at the Black Rock school. The agreement contained, among other things, the following:

". . . that said teacher shall be employed to teach in the public schools of said district, and is to perform such duties as are prescribed by the laws of the State of Washington, and by the rules and regulations made thereunder pertaining to said district, for one year, which shall include 180 actual teaching days, exclusive of holidays and vacation, commencing on the 15th day of September, 1941, for an annual salary of twelve hundred dollars ($1200.00).

"Miss Malcolm hereby agrees to lease the living quarters of Black Rock School thru the term of this contract. The amount of the lease to be $36.66 per month. for the first

four months and $36.67 per month thereafter. This amount to be deducted from each monthly warrant."

These provisions were contained in the leases for 1938, 1939, 1940, 1941, and 1942, except a variation in the amount of rentals to be paid by respondent. She entered upon her duties at the school in 1938 and continued to teach until the end of the school term for 1942. Each year she signed a new agreement with the school district. Before the commencement of the school term for 1938-39, respondent received a copy of the contract and was advised that she read it if she so desired. She took it home, read it over, kept it for a few days, signed it, and returned it. She then went to the school, commenced her duties as teacher, and resided in that portion of the building which had been arranged for her as living quarters. She continued to reside in the building during the school term of each year that she was employed as teacher for the Black Rock school.

Each year a new contract was given to respondent, which she retained in her possession for several days prior to the time she signed it and returned it to the officials of the district. She never objected to the signing of any of the contracts and knew that she was paying rent on the building where she was living at Black Rock.

In holding that an agreement by an employee of a municipal corporation to accept less than the amount provided by law is void as against public policy, the majority cites several cases, but does not quote from any of them nor mention the facts upon which those cases were decided. I shall discuss them because they are not in point.

In *Bell v. Mabton,* 165 Wash. 396, 5 P. (2d) 514, it appears that the salary of water commissioner or meter reader was fixed by ordinance at $125 per month, and Bell agreed to perform the duties at $100 per month. This court held that the workman was entitled to the full salary mentioned in the ordinance.

The case of *State ex rel. Bradford v. King County,* 197 Wash. 393, 85 P. (2d) 670, involves an action to collect the balance due upon the salary owing from King county, the salary being based upon a budget allowance. This court

held that the employees could collect the full amount provided for in the budget, regardless of the fact that they had agreed to and had received less than the salary fixed by the budget.

In *Chatfield v. Seattle,* 198 Wash. 179, 88 P. (2d) 582, a group of employees were allowed recovery of the entire wage fixed by city ordinance, and the act of the park board, in reducing the wages, was void.

In *Watkins v. Seattle,* 2 Wn. (2d) 695, 99 P. (2d) 427, several auto truck drivers sued to recover wages they claimed were due by reason of a wage scale which allowed them more than the city had paid them. We held that they were entitled to recovery.

I have noted the facts upon which recovery was based in each of these cases to show how foreign those facts are to those in the instant case. In each of the cited cases, the salary or wage was fixed by law before the individual went to work, and a reduction from the fixed salary was enacted without giving the worker anything of value for the amounts retained from the salary or wage. In the present case, the school district furnished living quarters for respondent, which certainly had a value which was recognized by respondent and appellants. The school board did not violate the provisions of Rem. Rev. Stat. (Sup.), § 4852-1.

At the close of the trial, the court stated:

"I am of the strong opinion that there is no element as to fraud or deceit, and my opinion is based the same as it would have been had everybody known exactly what they were doing. . ."

It will be seen from this finding that there was no fraud or duress practiced upon respondent. This is just another case where an individual has conceived the idea of getting something for nothing. She was furnished a room in which to live and because of that fact did not have to pay for her lodgings elsewhere. The effect of the majority decision is that respondent received several years free rental at the expense of the school district.

Numerous rural district schools in this state furnish living quarters for their teachers so that those teachers may have a home near the school in which to live. The majority opinion gives teachers in many rural school districts the right to recover the amounts they have been charged for rent of those accommodations which have been furnished by the school district.

That should not be the law, because neither in the cases I have mentioned nor in the one at bar can one find any endeavor or thought to reduce the wages paid by furnishing living quarters. Respondent here received accommodations and should pay for them.

The judgment should be reversed.

JEFFERS, J., concurs with SIMPSON, J.

