[No. 41751.　En Banc.　June 24, 1971.]

V. ANTOINETTE JORDAN, *Petitioner*, v. ROBERT S. O'BRIEN, *as Treasurer of State, Respondent.*

*Gordon L. Bovey,* for petitioner.

*Slade Gorton, Attorney General, Wayne L. Williams* and *Philip H. Austin, Assistants,* for respondent.

STAFFORD, J.—This is an original proceeding in mandamus. The petitioner, Antoinette Jordan (widow of the late Judge Thomas G. Jordan) seeks to compel the respondent, State Treasurer, to pay her an additional pension benefit. Respondent contends he lacks authority to make the requested payment.

The stipulated facts establish that Judge Kuykendall (having attained the mandatory retirement age of 75) was required to retire December 31, 1949. Const. art. 4, § 3(a) (amendment 25). In anticipation thereof, on December 30, 1949, Arthur B. Langlie (then Governor of the state) informed Thomas G. Jordan he was to be appointed Kuykendall's successor. The proposed appointment was announced December 31, 1949. Judge Kuykendall retired the same day.

On January 3, 1950, the Governor signed and mailed a commission and oath of office covering the appointment. Judge Jordan received these documents on January 4, 1950, at which time he signed and filed the oath. From then on Judge Jordan was continually reelected as a superior court judge and served in that capacity until December 31, 1968, when, having reached the age of 75, he was required to retire.

At the time of retirement, his annual compensation was $22,500. Having served as a judge in excess of 18 years, he

was entitled to receive a pension[1] equal to at least one-half of his monthly compensation.[2]

When the judge died on May 19, 1969, the petitioner was, and still is, fully qualified as the widow of a retired superior court judge. Thus, she was, and still is, entitled to receive an amount equal to one-half of his pension benefits.[3]

It is also stipulated that petitioner, by virtue of a community property agreement, has succeeded to unpaid pension benefits, if any, alleged to have accrued to the judge during his lifetime. Further, if he was entitled to increased pension benefits, petitioner is entitled to a proportionate increase in her own right.

To decide whether Judge Jordan was entitled to increased pension benefits, we must first determine the date upon which his judicial service began.

Article 4, section 28 of the Washington State Constitution provides in part:

> Every judge . . . of a superior court *shall, before entering upon the duties of his office,* take and *subscribe* an oath . . . which oath shall be filed . . .

(Italics ours.) RCW 2.08.080 restates the requirement as follows:

> Every judge of a superior court *shall, before entering*

---

[1]RCW 2.12.010: "Any judge of the . . . superior court . . . who . . . shall have served as a judge . . . for eighteen years in the aggregate . . . may . . . be retired and receive the retirement pay herein provided for."

[2]RCW 2.12.030: "Every judge of the . . . superior court . . . who retires from office under the provisions of this chapter shall be entitled to receive monthly during the period of his natural life . . . an amount equal to one-half of the monthly salary he was receiving as a judge at the time of his retirement . . ."

[3]RCW 2.12.030: "The widow of any judge who . . . may hereafter retire . . . if she had been married to him for three years, if she had been his wife prior to his retirement, shall be paid an amount equal to one-half of the retirement pay for her husband, as long as she remains unmarried."

*upon the duties of his office,* take and *subscribe* an oath
. . . which oath shall be filed . . .

(Italics ours.)

Clearly, the first day on which Judge Jordan could have assumed judicial office was January 4, 1950, the day on which he signed and filed the oath of office. The Governor's prior announcement of a proposed appointment is not material. Thus, Judge Jordan's entitlement to pension benefits must be measured from that date. Simple calculation indicates that Judge Jordan served 18 years and 361 days (*i.e.,* 4 days short of 1 full year beyond the qualifying 18th year).

The next question is whether, having served less than 1 complete year beyond the qualifying 18 years, Judge Jordan was entitled to the *additional* pension benefits provided for in RCW 2.12.015.[4]

Respondent contends the 4-day shortage prevents the accruing of additional pension benefits because they are computed solely in increments of *completed* years of service (*i.e.,* " . . . for each year of full service after eighteen years"). It is asserted that the statute is plain and unambiguous, leaving no occasion to apply rules of construction. The statute means exactly what it says. *Shelton Hotel Co. v. Bates,* 4 Wn.2d 498, 104 P.2d 478 (1940); *State ex rel. Blankenship v. Gaines,* 136 Wash. 610, 241 P. 12 (1925). In support of the foregoing position, respondent cites Webster's New World Dictionary of the American Language, p. 1693 (1966), which defines a *year* as "a period of 365 days (in leap year, 366 days) . . . a period of 12 calendar months reckoned from any date . . ."

Respondent urges that it would be untenable to hold a

---

[4]RCW 2.12.015: "In the event any judge of the . . . superior court of the state serves more than eighteen years in the aggregate as computed under RCW 2.12.010, *he shall receive in addition to any other pension benefits* to which he may be entitled under this chapter, *an additional pension benefit based upon one-eighteenth of his salary for each year of full service after eighteen years,* provided his total pension shall not exceed seventy-five percent of the monthly salary he was receiving as a judge at the time of his retirement." (Italics ours.)

"year" does not mean a "year". The legislature cannot be presumed to have indulged in a useless act and no construction should be given an act that leads to an absurdity, he states. *In re Horse Heaven Irrig. Dist.*, 11 Wn.2d 218, 118 P.2d 972 (1941).

On the other hand, petitioner asserts the correct interpretation of RCW 2.12.015 does not provide a limitation computed by increments of completed years of service (*i.e.*, 365 days) on an all-or-nothing basis. She argues, that the statute creates a formula by means of which an additional pension benefit may be computed by using one-eighteenth of the retiree's salary for a year as the base from which calculations may be made. We agree.

Statutes must be construed so no word, clause or sentence is superfluous, void or insignificant. *Martin v. Department of Social Security*, 12 Wn.2d 329, 121 P.2d 394 (1942). Respondent's theory fails to give adequate, or correct, significance to several key words and phrases.

RCW 2.12.015 does not provide merely that a retiree may receive a pension benefit for additional service after 18 years. It provides: *"he shall receive* in addition to other pension benefits to which he may be entitled under this chapter [chapter 2.12], *an additional pension benefit".* When the right of anyone depends upon giving the word *shall* an imperative construction, *shall* is presumed to have been used in reference to that right or benefit, and it receives a mandatory interpretation. *State v. Mavrikas*, 148 Wash. 651, 269 P. 805 (1928); *State ex rel. Nicomen Boom Co. v. North Shore Boom & Driving Co.*, 55 Wash. 1, 103 P. 426, 107 P. 196 (1909); *Wheeler v. Chicago*, 24 Ill. 105, 76 Am. Dec. 736 (1860); *Wisdom v. Board of Sup'rs*, 236 Iowa 669, 19 N.W.2d 602 (1945).

Use of the imperative *shall* is consistent with petitioner's contention that in any event a retiree is entitled to *some* additional pension benefit, the total of which is determined by the amount of full service performed after 18 years. The mandatory language is inconsistent with respondent's theory that, despite continued full service rendered

after 18 years, a retiree is entitled to *nothing* until he has completed an additional full year of service.

The statute also provides a retiree is entitled to an additional pension benefit based upon one-eighteenth of his salary "for each year of *full service* after eighteen years". It does not provide that it shall be based upon "a *full year* of service after eighteen years" (an interpretation basic to respondent's position). The adjective *full* modifies the word *service*, it does not modify the word *year*.

Respondent's brief seemingly equates the term *full service* with a *year of service*, contending "it is this period of full service which is needed before additional benefits are allowed and nothing less." As previously indicated, this is neither in accord with the language of the statute nor does it agree with common English usage. Merriam-Webster Third Int'l Dictionary, 919 (1966), defines the adjective "full" as "not temporary, substitute, or provisional." On page 2075 of the same volume, "service" is defined as "the employment of a public servant . . . the duties, work, or business performed or discharged by a government official . . .". Thus, common English usage indicates that by use of the expression *full service* the legislature merely intended to prevent previously retired judges from increasing their pension benefits by serving periods of temporary service as substitute or pro tempore judges.

Finally, respondent's interpretation of RCW 2.12.015 fails to give meaning to the phrase *based upon*[5] and, thus, disregards the dictate of *Martin v. Department of Social Security, supra. Based upon* is defined as "an initial or starting point for calculation." *State ex rel. Snidow v. State Bd. of Equalization,* 93 Mont. 19, 36, 17 P.2d 68, 18 P.2d 804 (1932). *Base* means "the number with reference to which a set of numbers or a mathematical table is constructed . . ." Merriam-Webster Third Int'l Dictionary, 180 (1966). This clearly indicates that a *year (i.e.,* 365

---

[5] RCW 2.12.015: "he shall receive in addition to any other pension benefits . . . an additional pension benefit *based upon* one-eighteenth of his salary for each year of full service after eighteen years . . ." (Italics ours.)

days) is not solely determinative of the problem. It merely provides a starting point from which the amount of an additional pension benefit may be computed. According to the statute, the calculation must also include two additional factors: (1) the judge's annual salary at the time of his retirement (*i.e.*, $22,500); and, (2) the division thereof by 18 (*i.e.*, years of service required by statute). In short, the statute has created a formula by which additional pension benefits may be computed. It does not provide for a limitation reckoned solely by increments based on *completed* years of service.

As applied to Judge Jordan's additional pension benefit, the formula for 361 days of full service after 18 years is:

$$\frac{361}{365} \times \frac{\$22,500}{18} = \$1,236.25$$

The petitioner, as his widow, is entitled to one-half thereof in her own right.

This holding coincides with another portion of RCW 2.12.015 not previously discussed. It provides that a retiree's total pension "shall not exceed seventy-five percent of the monthly salary he was receiving as a judge at the time of his retirement." It is of interest that mathematically the 75 per cent maximum is not reached conveniently at the end of a *full* or *completed year* of service (*i.e.*, at the end of either 4 or 5 completed years of service). The maximum is attained 4½ years after reaching the basic 18 years of service. This clearly supports petitioner's contention that the legislature did not intend that the additional pension benefits were to be based solely upon increments of full or *completed years* of additional service.

The writ of mandate will issue. Petitioner is entitled to Judge Jordan's additional pension benefit as successor to the rights of her deceased husband. As his widow, she is

also entitled to one-half of such benefits subsequent to the judge's death.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, NEILL, and WRIGHT, JJ., and RYAN, J. Pro Tem., concur.