[No. 47960-7.   En Banc.   July 29, 1982.]

JOHN SCANNELL, ET AL, *Petitioners,* v. THE CITY OF SEATTLE, *Respondent.*

*Bendich, Stobaugh & Strong, David F. Stobaugh,* and *Stephen K. Strong,* for petitioners.

*Douglas N. Jewett, City Attorney,* and *P. Stephen DiJulio* and *Debra F. Hankins, Assistants,* for respondent.

DORE, J.—Seventeen *intermittent* employees of the City of Seattle appeal the trial court's summary judgment order dismissing their case, holding that they were not entitled to vacation pay. We reverse, holding the City is liable to intermittent employees for vacation compensation, pursuant to the Seattle City Charter.

The City of Seattle classifies employees as permanent full time, permanent part time, intermittent and temporary. Although all these positions are within the City's classified service, intermittent employees are not protected by civil service rules and procedures and do not receive fringe benefits. An "intermittent position" is defined by the City as one comprising duties that "occur, terminate and recur according to the needs of the City".

Intermittent positions are funded as line items in each department's miscellaneous expenses budget. A position is designated as intermittent exclusively upon the source of its funding as a line item expense, and this designation is unrelated to the regularity of the employee's work schedule, total hours worked, type of work or the number of years continuously employed in the same position. Intermittent employees are hired in the same manner as full–time employees, and may work the same hours and perform the same duties. Even when not working, intermittent employees remain City employees until resignation, layoff or firing. Nevertheless, these intermittent employees receive no paid vacation benefits.

The Seattle City Charter provides for employees' paid vacations as follows:

> ANNUAL VACATIONS: Officers and employees on a five–day–week basis shall receive annual vacations with pay at the rate of at least twelve working days per year, and others shall receive proportionate annual vacations as prescribed by ordinance. Provided, that longer vacation periods may be prescribed by ordinance on a uniform basis.

Seattle City Charter, art. 17, § 2.

Permanent part–time City employees receive annual paid vacations proportionate to that provided for permanent full–time employees. The City vacation ordinance does not specifically exclude intermittent employees from paid vacation benefits, and the only direct reference to intermittent employees is found in section 4.32.020(D) of the Seattle Municipal Code, which states:

> Temporary or intermittent employees who leave the employment of the city and later are reemployed, shall for the purposes of this chapter, commence their active service with the date of reemployment.

Before bringing suit, intermittent employee Scannell pressed his claim for vacation pay through the City's grievance procedure. His grievance was denied on the ground that various Seattle ordinances and the City's long–standing practice precluded employees in intermittent positions from receiving various benefits, including vacation pay. The City's Civil Service Commission declined to hear the issue on the basis that it lacked jurisdiction.

After the City denied Scannell's claim for compensation, he and 16 other intermittent employees brought a class action suit against the City. The trial judge deferred the employees' motion for class certification until a decision on the City's liability for vacation pay could be made. The trial court granted the City's motion for summary judgment, dismissed the employees' case and denied the employees' motion for partial summary judgment on the question of the City's liability. The Court of Appeals affirmed. We reverse.

I

We are not persuaded by the City's argument that mandamus is the appellants' exclusive remedy in compelling the City to compensate the appellants for vacation time. Mandamus exists to provide a remedy where there is no plain, speedy and adequate remedy at law. RCW 7.16.170.

The appellants in the present case have a civil action for a declaratory judgment, an injunction prohibiting the

City from denying the plaintiffs vacation pay and a money judgment for their back vacation pay owed under the charter. Public employees have regularly obtained money judgments in civil actions for back compensation owed under contracts or by law. *See, e.g., Vallet v. Seattle,* 77 Wn.2d 12, 459 P.2d 407 (1969); *Malcolm v. Yakima Cy. Consol. Sch. Dist. 90,* 23 Wn.2d 80, 159 P.2d 394 (1945); *Watkins v. Seattle,* 2 Wn.2d 695, 99 P.2d 427 (1940). We hold that the petitioners are not required to pursue a writ of mandamus against the City of Seattle to secure delinquent vacation pay.

## II

■ We next consider the question of whether article 17, section 2 of the Seattle City Charter mandates the grant of vacation benefits to its intermittent employees. In applying this charter provision, we must look first to the charter language itself to determine the Seattle City Council's intent. *State v. Sponburgh,* 84 Wn.2d 203, 525 P.2d 238 (1974); *In re Estate of Kurtzman,* 65 Wn.2d 260, 396 P.2d 786 (1964). Legislative intent is to be ascertained from the statutory text as a whole, interpreted in terms of the general object and purpose of the legislation. *State v. Sponburg, supra; Amburn v. Daly,* 81 Wn.2d 241, 501 P.2d 178 (1972).

We interpret the charter provision to contain three separate clauses: (1) employees working on a 5–day–week basis *shall* receive annual paid vacations of at least 12 working days; (2) other employees not working on a 5–day–week basis *shall* receive proportionate annual paid vacations as prescribed by ordinance; and (3) vacations longer than 12 working days per year *may* be prescribed by ordinance on a uniform basis. Thus, the charter provision provides for vacation benefits for both 5–day–week employees and other employees not working on a 5–day–week basis.

■ Where a provision contains both the words "shall" and "may," it is presumed that the lawmaker intended to distinguish between them, "shall" being construed as mandatory and "may" as permissive. *State ex rel. Public Dis-*

*closure Comm'n v. Rains*, 87 Wn.2d 626, 633–34, 555 P.2d 1368, 94 A.L.R.3d 933 (1976). When an individual's rights depend upon giving the word "shall" an imperative construction, "shall" is presumed to have been used in reference to that right or benefit and it receives a mandatory interpretation. *Jordan v. O'Brien*, 79 Wn.2d 406, 410, 486 P.2d 290 (1971). We, therefore, construe the clauses containing "shall" as mandatory, such that the City has a duty to provide all employees with vacation pay, whether they work a 5–day week or not.

Article 17, section 2 of the Seattle City Charter does not define "employees working on a 5–day–week basis" or "others". Section 4.20.170 of the Seattle Municipal Code, entitled "Eight–hour day—Five–day week", provides, "Eight hours shall constitute a days' work and five days a weeks' work for all except supervisory and administrative employees of the City". The word "others" must similarly refer to those City employees who work either more or less than an employee working the normal business week of five 8–hour days. The City currently includes within this category employees working in positions budgeted as full time who work on schedules different from the normal 5–day week, employees who work part time, and those who split a single full–time job with another employee. Intermittent employees, who do not fit within the 5–day–week definition, must be designated as "others". The City must apply the same formula[1] for affording proportionate vacation pay to intermittent employees as it applies to all other employees who fit within the "others" category.

We reverse the trial court's judgment of dismissal and

---

[1]Seattle City Ordinance 86799 provides that employees working on a 5–day–week basis receive 1 day of vacation per month worked for service less than a year. The ordinance further provides for increased vacation for longer City service.

Under the City's formula, the amount of paid vacation for employees other than those working on a 5–day–week basis is determined by prorating their hours worked in a given year to the 2,080 hours in a full–time position and multiplying this ratio by the number of vacation days for the full–time position.

remand to the trial court for a determination of the amount of compensation to be awarded to the 17 petitioners in accordance with the provisions of this opinion.[2]

ROSELLINI, STAFFORD, UTTER, DOLLIVER, WILLIAMS, DIMMICK, and PEARSON, JJ., concur.

BRACHTENBACH, C.J. (concurring)—I hope the majority opinion will not be construed to foreclose the City from enacting constitutionally permissible provisions that distinguish among different types of employees in granting vacation benefits. Policy considerations behind vacation benefits are generally to afford employees a rest period from their work; differences in the hours and regularity of the work may justify differential treatment. As the city charter and ordinances are now worded, however, the majority's interpretation is correct, and I concur.

Reconsideration denied January 13, 1983.

---

[2]In pleadings filed subsequent to the filing of this opinion, and while a motion for reconsideration was pending, petitioners called to our attention that Seattle Municipal Code 4.34.020(D) and (F) might be interpreted to impose a limitation on their vacation time accumulations. The ordinance codified in chapter 4.34 was enacted during the pendency of this appeal and purports to terminate certain "excess" employee vacation accumulations if not used prior to December 31, 1982. An application of this cutoff date to these petitioners, however, would be inequitable. It would diminish the relief to which this decision finds them entitled, solely because of the unavoidable delays of litigation. On remand, therefore, the trial court is directed to compute the compensation due petitioners without regard to the limitations of section 4.34.020(D) which might otherwise apply, because of the December 31, 1982, deadline of section 4.34.020(F).