**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

FILED

AUG 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE GUADALUPE PEREZ-FARIAS; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> GLOBAL HORIZONS, INC; et al., <br><br> Defendants - Appellees. | No. 10-35397 <br><br> D.C. No. 2:05-cv-03061-RHW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted July 12, 2011
Seattle, Washington

Before: CLIFTON and N.R. SMITH, Circuit Judges, and KORMAN, Senior District Judge.[**]

Plaintiffs Jose Guadalupe Perez-Farias, Jose F. Sanchez, and Ricardo

Betancourt (Workers) brought this action, as class representatives, against Global

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for Eastern New York, Brooklyn, sitting by designation.

Horizons, Inc. (Global), Green Acre Farms, Inc., Valley Fruit Orchards, LLC, (collectively Growers) and Platte River Insurance Company on July 12, 2005.

Workers appeal three issues from the district court's proceedings. They argue that 1) the district court erred in interpreting the Washington's Farm Labor Contractors Act's (FLCA), Chapter 19, Wash. Rev. Code et seq., statutory damages provision as discretionary; 2) the district court erred in determining the Workers were not the prevailing party under the FLCA for the purpose of awarding attorneys' fees; and 3) the district court violated their Seventh Amendment right to a jury trial by coming to a different conclusion than the jury on Global's liability regarding the Workers' discrimination claims, which were brought under 42 U.S.C. § 1981 and the Washington Law Against Discrimination, Chapter 49.60 Wash. Rev. Code et seq. ER 452-58.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and we AFFIRM in part and REVERSE and REMAND in PART.

1. Under Washington law, "[w]hen the language of a statute is clear and unambiguous the meaning is derived from the words of the statute itself." *State v. Keller*, 19 P.3d 1030, 1035 (Wash. 2001). The reviewing court should:

> read the statute in its entirety. Each provision must be viewed in relation to other provisions and harmonized, if at all possible. . . . Statutes *must be construed so that all language is given effect with no*

2

*portion rendered meaningless or superfluous*. The court must also avoid constructions that yield unlikely, strange or absurd consequences.

*Id.* at 1035-36 (internal quotation marks, alterations, and citations omitted) (emphasis added). The statute at issue, regarding damages to be awarded for violations of the FLCA states:

> [I]f the court finds that the respondent has violated this chapter or any rule adopted under this chapter, it may award damages up to and including an amount equal to the amount of actual damages, or statutory damages of five hundred dollars per plaintiff per violation, whichever is greater, or other equitable relief.

Wash. Rev. Code § 19.30.170(2). Reading the provision in its entirety and giving effect to all the language of the provision, it is apparent that the Washington Legislature meant to instruct a court that it "may" choose between actual damages and statutory damages of "five hundred dollars per plaintiff per violation, whichever is greater."

Although the term "may" would normally support an interpretation that awarding statutory damages is discretionary, *Scannell v. City of Seattle*, 648 P.2d 435, 438 (Wash. 1982), any other reading of the provision (than an instruction to choose between the greater of statutory and actual damages) renders the clause "whichever is greater" meaningless. Given that the legislature enacted the FLCA, with a detailed statutory damages clause, it is unlikely that the legislature "used a

3

permissive term simply to tell" the district court that it "may choose not to" award damages. *See Wilmot v. Kaiser Aluminum and Chem. Corp.*, 821 P.2d 18, 22 (Wash. 1991); *cf. also Kehoe v. Fidelity Fed. Bank & Trust*, 421 F.3d 1209, 1216-17 (11th Cir. 2005) (construing a statutory damages clause commencing with the word "may" to allow the district court discretion "to award actual damages, but not less than liquidated damages in the amount of $2,500" (internal quotation marks omitted)). Here, the term "may" similarly indicates that the district court may choose between actual damages or "statutory damages of five hundred dollars per plaintiff per violation, whichever is greater."

The Growers argument that the inclusion of the clause "or other equitable relief" indicates the court had a choice to award less than $500 per plaintiff per violation is unavailing. Washington law is consistent with the general rule that equitable relief is separate from money damages. *See Proctor v. Huntington*, 238 P.3d 1117, 1121 (Wash. 2010) (discussing equitable relief as injunctive relief); *cf. Kobza v. Tripp*, 18 P.3d 621, 624 (Wash. App. 2001) ("Because a quiet title action is a claim for equitable relief, damages are ordinarily not allowed."). Thus, the third clause of the provision "or other equitable relief" would indicate that the district court may have chosen non-monetary relief, such as specific performance or an injunction of the laborers' contracts for those that had been fired, if such

4

relief had been available. However, monetary damages appear to have been the correct remedy in this case. The the district court erred when it did not award the Workers the full amount of mandatory statutory damages under the FLCA: $1,998,500.

The full amount of statutory damages is not "so severe and oppressive as to be wholly disproportioned [sic] to the offense and obviously unreasonable." *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66 (1919); *see also United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992). The district court is, therefore, reversed on the amount of statutory damages awarded under the FLCA and is directed to enter judgment for the Workers in the amount of $1,998,500.[1]

2.      We remand the issue of attorneys' fees under the FLCA, Wash. Rev. Code § 19.30.170(1) for further proceedings consistent with this disposition. Under Washington law, "[a] 'prevailing party' is any party that receives some judgment in its favor. If neither party completely prevails, the court must decide which, if either, substantially prevailed. This question depends upon the extent of the relief afforded the parties." *Guillen v. Contreras*, 238 P.3d 1168, 1171 (Wash. 2010) (internal quotation marks, alteration, and citations omitted). The Workers opted

---

[1]      Because it is unnecessary to the determination of the issue of statutory damages, we deny the Workers' Motion to Take Judicial Notice of the purported legislative history of the FLCA.

for statutory damages, which they were awarded. Here, the Workers could only obtain statutory damages *or* actual damages. Wash. Rev. Code § 19.30.170(2). Therefore, whether actual damages were awarded is irrelevant to the determination of the prevailing party under the FLCA.

3.      The Workers waived their right to a jury trial regarding the discrimination claims regarding "any claim for any liability . . . insofar as the [G]rower defendants are concerned." SER 1A-2. The Workers normally could rely on Global's assertion of its right to a jury trial. *See DePinto v. Provident Sec. Life Ins. Co.*, 323 F.2d 826, 832 (9th Cir. 1963). However, the Workers (1) consented to a bench trial on all issues prior to Global being relieved from summary judgment against it; (2) failed to clarify their rights prior to trial; and (3) participated in a trial in which the Growers did not participate in jury selection, opening, or closing arguments. The Workers' actions constitute waiver of their Seventh Amendment right to a jury trial as to "any claim" of the Growers' liability. *See White v. McGinnis,* 903 F.2d 699, 703 (9th Cir. 1990). The district court's Findings of Fact and Conclusions of Law on the Growers' liability regarding the discrimination claims are affirmed.

AFFIRMED in part, REVERSED in part, and REMANDED to the district court for further proceedings consistent with this disposition.

**Each party shall bear its own costs on appeal.**

Perez-Farias, et al. v. Global Horizons, Inc., et al., No. 10-35397

FILED

AUG 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CLIFTON, Circuit Judge, concurring in part and dissenting in part:

I regret that I agree with only part of our decision in this case. I disagree with the reasoning and conclusion reached in section 1 of the majority's memorandum disposition, agree with the result reached in section 2 but for a different reason, and agree with section 3 of the majority memorandum. I would affirm most of the judgment of the district court, and would reverse and remand only as to the district court's conclusion that Plaintiffs were not a prevailing party for purposes of an award of attorney fees from the Grower defendants.

*1. Damages under Wash. Rev. Code § 19.30.170(2)*

I disagree with the majority's interpretation of the Washington statute at issue regarding damages to be awarded for violations of the Washington Farm Labor Contractors Act (FLCA). I would affirm the award entered by the district court of approximately $235,000 in statutory damages. In contrast, the majority memorandum concludes, at 5, that "the district court erred when it did not award the Workers the full amount of mandatory statutory damages under the FLCA: $1,998,500."

In a nutshell, I read the statute, as the district court did, to give the trial court a degree of discretion in determining the appropriate amount of an award of

1

damages, while the majority reads the statute as requiring the trial court to award a fixed amount, specifically the larger of the amount of actual or statutory damages. I do not dispute that the statute could have been written in that way, but it wasn't. The majority's interpretation is not supported by the language of the statute, and it is not a logical construction.

I start, as does the majority, with the language of the statute:

> [I]f the court finds that the respondent has violated this chapter or any rule adopted under this chapter, it may award damages up to and including an amount equal to the amount of actual damages, or statutory damages of five hundred dollars per plaintiff per violation, whichever is greater, or other equitable relief.

Wash. Rev. Code § 19.30.170(2).

The verb used in the statute is "may." The majority's interpretation treats the word "may" as if it meant "must." But "may" does not mean "must" or "shall." Washington courts have recognized that "[w]here a provision contains both the word 'shall' and 'may,' it is presumed that the lawmaker intended to distinguish between them, 'shall' being construed as mandatory and 'may' as permissive." *Scannell v. City of Seattle*, 648 P.2d 435, 438 (Wash. 1982). The FLCA uses the word "shall" in several places, so it is presumed that the use of "may" in the damages clause was meant to indicate that the award of damages is permissive. That appears to be confirmed by the balance of the sentence, which lists various

2

potential remedies, each linked by the conjunction "or."

The majority justifies its disregard of the word "may" by reasoning, at 3, that "any other reading would render the clause 'whichever is greater' meaningless." But that's simply not true, as I will illustrate below.

Before getting to that illustration, however, it is helpful to recognize a second misstep by the majority in interpreting the language of the statute – its disregard of the words "up to and including." The statute provides that the court "may award damages *up to and including* . . . ." That phrase "up to and including" indicates that the trial court is authorized to determine the appropriate award of damages from a range.

But the majority concludes that the trial court has no discretion and is required to award a fixed sum, the greater of either the proven actual damages or the calculated statutory damages. The concept of "up to and including" has simply disappeared under the majority's interpretation. That interpretation collides with the requirement, which the majority memorandum explicitly recognizes, at 2-3, to give effect to all language in the statute.

If the words "may," "or," and "up to and including" are recognized, then the logical interpretation of the statute, giving due regard to the words "whichever is greater," is clear. The statute gives the trial court discretion to determine the

3

appropriate amount to award in damages from among a range of amounts, up to and including the greater of (a) the amount of actual damages proven by plaintiff or (b) statutory damages calculated at the rate of $500 per violation per plaintiff.

To illustrate, take a hypothetical example varying somewhat from the actual facts of this case in which it is assumed that Plaintiffs proved actual damages of $1.5 million and that, as was the case here, statutory damages added up to $1,998,500. The statute would thus provide that the court "may award damages up to and including an amount equal to the amount of actual damages [$1.5 million], or statutory damages . . . [$1,998,500], whichever is greater." As described above, the words "whichever is greater" define the range from which the district court may select an appropriate damages award. In this example, because the calculated statutory damages amount is greater than the amount of actual damages proven, the range available to the district court to extends to a maximum of the "greater" figure, i.e. up to $1,998,500. Returning to the actual facts of this case, in which no actual damages were proven, the language of the statute authorizes the trial court to select an appropriate figure from the same range, up to $1,998,500, because that is still the greater figure. If, instead, actual damages of $3 million were proven, then the trial court could select the appropriate award from a range up to $3 million.

But no matter whether the larger figure is based on actual damages or

4

statutory damages, nothing in the statute requires the trial court to award that maximum figure, and only that maximum figure. Such a requirement can be imposed only by ignoring the actual words of the statute, including "may," "or," and "up to and including."

The majority's interpretation is not only inconsistent with the language of the statute, it imposes upon the statute an illogical reading, or, to use the language of the Washington authority cited by the majority, at 2-3, a "construction[] that yield[s] unlikely, strange or absurd consequences." *State v. Keller*, 19 P.3d 1030, 1035-36 (Wash. 2001) (quoting *State v. Contreras,*880 P.2d 1000, 1003 (Wash. 1994).

On the facts of this case, the trial court concluded that the appropriate amount of an award to the Workers was $230,000. The trial court offered a lengthy explanation of its reasoning process. That award is properly subject for review, in my view, for abuse of discretion. The majority memorandum does not quarrel with the trial court's reasoning and does not hold the trial court's calculation to represent an abuse of discretion, but nonetheless directs an award of nearly $2 million.

It is not at all clear to me why we should conclude that the Washington legislature intended to require such an award more than eight times the actual

injury suffered by Plaintiffs. If it wanted to guarantee that statutory damages would be awarded at the rate of $500 per violation per employee, even if actual damages were substantially less, it would have been simple to have written the statute that way. Most obviously, the word "may" would have been replaced with "shall" and the trial court instructed that it "shall" award whichever figure is greater. Or, a plaintiff could simply be given the usual right to elect among available remedies. Or, the statute could have provided that the minimum award would be the amount of statutory damages calculated at the specified rate. But that's not what the statute says.

There is no good reason to conclude that the statute was intended to produce the majority's strained interpretation. Our court has already concluded as much in a case involving a federal statute very similar, albeit not identical, to this one. In *Alvarez v. Longboy*, 697 F.2d 1333 (9th Cir. 1983), we interpreted an analogous federal statute in place at that time, the Farmer Labor Contractor Registration Act. At the time, that statute provided that a court "may award damages up to and including an amount equal to the amount of actual damages, or $500 for each violation, or other equitable relief." 7 U.S.C. § 2050a(b) (now repealed and replaced by 29 U.S.C. § 1854). In *Alvarez*, we rejected the argument of plaintiffs that the statute required the trial court to award the full amount of statutory

6

damages:

> Plaintiffs' construction would require a rigidity in enforcement of the statute that is not necessary to accomplish Congress's general purpose to encourage effective enforcement, and might well create anomalous results Congress could not have intended, and which might impede effective enforcement of the Act. . . . A rigid reading of section 2050a(b) might compel the imposition of a penalty disproportionate to the offense. *See De La Fuente v. Stokely-Van Camp, Inc.*, 514 F.Supp. 68, 80 & n. 5 (C.D.Ill.1981). Courts faced with this consequence of a finding that the statute had been violated would inevitably interpret the substantive requirements strictly and impose a stringent standard of proof, thus making achievement of the statute's remedial purpose more difficult.

697 F.2d at 1339-40.

I do not contend that we are bound by that precedential opinion to reach exactly the same conclusion in this case, involving a different statute with somewhat different wording. But the logic of Judge Browning's opinion is persuasive and applies directly to the Washington statute before us in this case. I would reach the same conclusion in this case that our court reached in *Alvarez*, that the trial court had the discretion to award damages in an amount less than the maximum statutory award of $500 per violation per employee, and affirm the award of damages entered by the district court.

2. *Award of Attorneys' Fees*

The majority remands the issue of attorneys' fees under the Washington statute to the district court for further proceedings. Obviously, based on the

majority's conclusion as to the amount of the award under the statute, discussed above, a remand is necessary because the Plaintiffs' victory is now substantially greater than it was before and they must be deemed to be the "prevailing party." Even if my view on that subject prevailed and we affirmed the award of damages entered by the district court, however, I would still vacate the district court's order on the issue of attorneys' fees and remand that issue to the district court for further consideration.

The district court denied the Plaintiffs' application for fees from the Grower defendants in substantial part because the court considered the Plaintiffs' decision not to seek or prove actual damages as something as to which the Grower defendants prevailed. That was a strategic decision by Plaintiffs, not a victory for the Growers. Seeking actual damages would not necessarily have made any difference under my interpretation of the statute, because it was apparent that actual damages would not have exceeded statutory damages. It obviously didn't matter under the majority's interpretation of the statute, either. Failing to prove actual damages was not something the Plaintiffs lost, so I don't think it is appropriate to treat it as something the Grower defendants won. Therefore, I would remand to allow the court to revisit the subject.

It may be appropriate for the district court to consider the degree of success,

8

or lack thereof, in considering the amount of attorneys' fees to be awarded. In some circumstances it might even be appropriate to award no fees to a prevailing party, based on very limited success and other factors. But Plaintiffs' application for fees should not have been denied on the premise that they did not "prevail" against the Grower defendants. As they obtained an award of damages that was far more than nominal and was not insubstantial, it appears to me that they did.

*3. Right to Jury Trial on the Discrimination Claim*

I agree with the majority's reasoning and conclusion as to the discrimination claim against the Growers and join that part of the disposition.

*4. Conclusion*

In sum, I would affirm the judgment of the district court, except as to its denial of Plaintiffs' application for attorneys' fees against the Grower defendants, which I would vacate and remand. I respectfully dissent from that part of the majority disposition that reaches a different conclusion.