MEMORANDUM **
Plaintiffs Jose Guadalupe Perez-Farias, Jose F. Sanchez, and Ricardo Betancourt (Workers) brought this action, as class representatives, against Global Horizons, Inc. (Global), Green Acre Farms, Inc., Valley Fruit Orchards, LLC, (collectively Growers) and Platte River Insurance Company on July 12, 2005.
Workers appeal three issues from the district court’s proceedings. They argue that 1) the district court erred in interpret *845 ing the Washington’s Farm Labor Contractors Act’s (FLCA), Chapter 19, Wash. Rev.Code et seq., statutory damages provision as discretionary; 2) the district court erred in determining the Workers were not the prevailing party under the FLCA for the purpose of awarding attorneys’ fees; and 8) the district court violated their Seventh Amendment right to a jury trial by coming to a different conclusion than the jury on Global’s liability regarding the Workers’ discrimination claims, which were brought under 42 U.S.C. § 1981 and the Washington Law Against Discrimination, Chapter 49.60 Wash. Rev. Code et seq. ER 452-58.
We have jurisdiction pursuant to 28 U.S.C. § 1291 and we AFFIRM in part and REVERSE and REMAND in PART.
1. Under Washington law, “[w]hen the language of a statute is clear and unambiguous the meaning is derived from the words of the statute itself.” State v. Keller, 143 Wash.2d 267, 19 P.3d 1030, 1035 (2001). The reviewing court should:
read the statute in its entirety. Each provision must be viewed in relation to other provisions and harmonized, if at all possible.... Statutes must be construed so that all language is given effect with no portion rendered meaningless or superfluous. The court must also avoid constructions that yield unlikely, strange or absurd consequences.
Id. at 1035-36 (internal quotation marks, alterations, and citations omitted) (emphasis added). The statute at issue, regarding damages to be awarded for violations of the FLCA states:
[I]f the court finds that the respondent has violated this chapter or any rule adopted under this chapter, it may award damages up to and including an amount equal to the amount of actual damages, or statutory damages of five hundred dollars per plaintiff per violation, whichever is greater, or other equitable relief.
Wash. Rev.Code § 19.30.170(2). Reading the provision in its entirety and giving effect to all the language of the provision, it is apparent that the Washington Legislature meant to instruct a court that it “may” choose between actual damages and statutory damages of “five hundred dollars per plaintiff per violation, whichever is greater.”
Although the term “may” would normally support an interpretation that awarding statutory damages is discretionary, Scannell v. City of Seattle, 97 Wash.2d 701, 648 P.2d 435, 438 (1982), any other reading of the provision (than an instruction to choose between the greater of statutory and actual damages) renders the clause “whichever is greater” meaningless. Given that the legislature enacted the FLCA, with a detailed statutory damages clause, it is unlikely that the legislature “used a permissive term simply to tell” the district court that it “may choose not to” award damages. See Wilmot v. Kaiser Aluminum and Chem. Corp., 118 Wash.2d 46, 821 P.2d 18, 22 (1991); cf. also Kehoe v. Fidelity Fed. Bank & Trust, 421 F.3d 1209, 1216-17 (11th Cir.2005) (construing a statutory damages clause commencing with the word “may” to allow the district court discretion “to award actual damages, but not less than liquidated damages in the amount of $2,500” (internal quotation marks omitted)). Here, the term “may” similarly indicates that the district court may choose between actual damages or “statutory damages of five hundred dollars per plaintiff per violation, whichever is greater.”
The Growers argument that the inclusion of the clause “or other equitable relief’ indicates the court had a choice to award less than $500 per plaintiff per violation is unavailing. Washington law is *846 consistent with the general rule that equitable relief is separate from money damages. See Proctor v. Huntington, 169 Wash.2d 491, 238 P.3d 1117, 1121 (2010) (discussing equitable relief as injunctive relief); cf. Kobza, v. Tripp, 105 Wash.App. 90, 18 P.3d 621, 624 (Wash.App.2001) (“Because a quiet title action is a claim for equitable relief, damages are ordinarily not allowed.”). Thus, the third clause of the provision “or other equitable relief’ would indicate that the district court may have chosen non-monetary relief, such as specific performance or an injunction of the laborers’ contracts for those that had been fired, if such relief had been available. However, monetary damages appear to have been the correct remedy in this case. The the district court erred when it did not award the Workers the full amount of mandatory statutory damages under the FLCA: $1,998,500.
The full amount of statutory damages is not “so severe and oppressive as to be wholly disproportioned [sic] to the offense and obviously unreasonable.” St. Louis, I.M. & S. Ry. Co. v. Williams, 251 U.S. 63, 66, 40 S.Ct. 71, 64 L.Ed. 139 (1919); see also United States v. Citrin, 972 F.2d 1044, 1051 (9th Cir.1992). The district court is, therefore, reversed on the amount of statutory damages awarded under the FLCA and is directed to enter judgment for the Workers in the amount of $1,998,500.[1]
2. We remand the issue of attorneys’ fees under the FLCA, Wash. Rev.Code § 19.30.170(1) for further proceedings consistent with this disposition. Under Washington law, “[a] ‘prevailing party’ is any party that receives some judgment in its favor. If neither party completely prevails, the court must decide which, if either, substantially prevailed. This question depends upon the extent of the relief afforded the parties.” Guillen v. Contreras, 169 Wash.2d 769, 238 P.3d 1168, 1171 (2010) (internal quotation marks, alteration, and citations omitted). The Workers opted for statutory damages, which they were awarded. Here, the Workers could only obtain statutory damages or actual damages. Wash. Rev.Code § 19.30.170(2). Therefore, whether actual damages were awarded is irrelevant to the determination of the prevailing party under the FLCA.
3. The Workers waived their right to a jury trial regarding the discrimination claims regarding “any claim for any liability ... insofar as the [G]rower defendants are concerned.” SER 1A-2. The Workers normally could rely on Global’s assertion of its right to a jury trial. See DePinto v. Provident Sec. Life Ins. Co., 323 F.2d 826, 832 (9th Cir.1963). However, the Workers (1) consented to a bench trial on all issues prior to Global being relieved from summary judgment against it; (2) failed to clarify their rights prior to trial; and (3) participated in a trial in which the Growers did not participate in jury selection, opening, or closing arguments. The Workers’ actions constitute waiver of their Seventh Amendment right to a jury trial as to “any claim” of the Growers’ liability. See White v. McGinnis, 903 F.2d 699, 703 (9th Cir.1990). The district court’s Findings of Fact and Conclusions of Law on the Growers’ liability regarding the discrimination claims are affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED to the district court for further proceedings consistent with this disposition.
Each party shall bear its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Because it is unnecessary to the determination of the issue of statutory damages, we deny the Workers’ Motion to Take Judicial Notice of the purported legislative history of the FLCA.